[Crim. No. 2581.   First Dist., Div. One.   Mar. 4, 1949.]

In re JOHN DIGGS, on Habeas Corpus.

Sugarman & Bernheim, Irving C. Sugarman and Louis L. Bernheim for Petitioner.

Joseph A. Brown, Harry Gottesfeld and M. A. Leite for Respondent.

WARD, J.—Having been adjudged in contempt of court on February 1, 1949, for nonpayment of $335 as alimony, $150 as attorneys' fees, and $15 as court costs, John Diggs filed a petition for writ of habeas corpus on the ground that his commitment is invalid as the court did not find that he wilfully or contemptuously refused to comply with the court's orders.  Pending hearing in this court petitioner was released on bail.

Accompanying the return is a copy of the "Order Adjudging Defendant Guilty of Contempt of Court, and Order for Commitment."   It sets forth that an order to show cause was issued on December 31, 1948, directing the petitioner to appear and show cause why he should not be adjudged in contempt of court for failing to comply with the court's order

of September 10, 1948, requiring him to pay $100 per month for the support of his wife, $150 to her attorney, and $15 costs; that at the hearing on October 14, 1948, the court ordered petitioner to pay $75 within one week, and $80 a week later, to make up the arrears due to his wife for her support and maintenance; and that the matter was continued on January 11, 1949, and on January 18, 1949. It further sets forth that the order to show cause came on February 1, 1949, at which time the court found that the defendant *"neglected to refuse to comply* with the said orders, he having the means to do so, or to offer a reasonable excuse therefor to the satisfaction of the court." (Italics added.)

As said in *In re Saul,* 32 Cal.App. 531, 532 [163 P. 505], "A continuing order of imprisonment in a contempt proceeding, conditional upon a compliance being made with the direction of the court, can only be lawfully entered where it appears that it is within the power of the party to obey the court's mandate and that he willfully refuses so to do. (*Ex parte Overend,* 122 Cal. 201 [54 P. 740].)" The finding herein that petitioner "neglected to refuse to comply," when strictly construed in his favor (*Schwarz* v. *Superior Court,* 111 Cal. 106 [43 P. 580]; *Hotaling* v. *Superior Court,* 191 Cal. 501 [217 P. 73, 29 A.L.R. 127]), is insufficient to support the judgment that petitioner "be imprisoned in the County Jail of the said City and County of San Francisco, State of California, until he complies with the orders of the above entitled court, or until such further time as the court may order in the premises." "Neglected to refuse to comply" is the equivalent of a statement that he did not "refuse to comply" which in turn must be construed as a compliance with the order.

The order adjudging John Diggs guilty of contempt is annulled, he is discharged and his bail exonerated.

Peters, P. J., and Bray, J., concurred.