[No. 20299.   In Bank. — May 31, 1887.]

EX PARTE THOMAS AMBROSE, ON HABEAS CORPUS.

DIVORCE — ACTION FOR BY WIFE — ORDER FOR ALIMONY PENDENTE LITE — JUDGMENT — RESERVATION OF QUESTIONS AS TO PROPERTY. — In an action instituted by a wife for a divorce, and for a division of the property of the defendant, an order was made *pendente lite* awarding the plaintiff a certain monthly allowance as alimony.   Thereafter the court, having found that the plaintiff was entitled to a divorce, referred the action to a referee to take testimony and report upon certain questions relating to the property of the defendant.   Subsequently, and while the reference was pending, the court filed additional findings of fact and conclusions of law, and directed that judgment be entered in favor of the plaintiff, reserving all questions as to the property.   A judgment was accordingly entered for a divorce, containing a provision that "all questions as to property, and as to a suitable allowance to the wife for her support, are hereby reserved."   *Held,* that the judgment was not final so far as the questions concerning the property were concerned, and did not render inoperative the prior order for alimony.

APPLICATION for a writ of *habeas corpus.*   The facts are stated in the opinion of the court.

*Stanly, Stoney & Hayes,* for Petitioner.

*McAllister & Bergin,* for Respondent.

McKINSTRY, J. — On the 24th of June, 1886, Mary C. Ambrose, wife of the petitioner, commenced an action for the dissolution of the bonds of matrimony.   In her complaint, after alleging facts showing extreme cruelty, she alleged that the defendant in said action, the petitioner herein, was a man of large means, and the owner of tracts of land therein described, of very great value, — of the value of between five hundred thousand and six hundred thousand dollars.

The prayer is for a divorce, and an injunction restraining defendant from disposing of his property *pendente lite;* that such portion of the property of defendant as the court might, on the hearing, think should be dis-

tributed to her be adjudged and decreed to her; that reasonable alimony be allowed her for her support during the pendency of the action; that costs and counsel fees for plaintiff be forthwith paid by defendant; that in the final judgment there be adjudged to the plaintiff such portion of the property of defendant as might be deemed just, and for other and further relief, etc.

The action was called for trial in the Superior Court, and testimony taken therein in the months of August and September, 1886; and on the 27th of said September, the court filed findings of fact and the conclusion of law that the plaintiff was entitled to a divorce, with the further order:—

"All questions as to property are hereby reserved, and the cause is now referred to B. A. Reynolds, Esq., as referee herein, to take such testimony as the respective parties may offer upon the question of property, and to report to this court:—

" 1.  What is the common property of plaintiff and defendant?

" 2.  What is the separate property of plaintiff, and the present income of said separate property?

" 3.  What the separate property of the defendant, and the present income of said separate property?

"And also to report to this court all testimony taken before him."

On the 30th of December, 1886, and while the reference was pending, the Superior Court filed additional findings of fact and a conclusion of law as follows: " And as conclusion of law the court finds that the plaintiff is entitled to a judgment for divorce from defendant, on the ground of extreme cruelty"; and ordered, " Let judgment be entered accordingly; all questions as to property being reserved."   (Signed by the judge.)

And on the 3d of January, 1887, a judgment (in form) was made and entered in the action, in words and figures following:—

(Title of court and cause.)

" In accordance with the findings heretofore entered and filed in this action, it is hereby adjudged and decreed that the marriage heretofore and now existing between the plaintiff, Mary C. Ambrose, and the defendant, Thomas Ambrose, be dissolved, and the same is hereby dissolved upon the ground of extreme cruelty inflicted by the said defendant on the plaintiff, and the said parties, plaintiff and defendant, are, and each of them is, freed from the obligations of said marriage. All questions as to property and as to a suitable allowance to the wife for her support are hereby reserved."

On the 26th of July, 1886, an order was made by the Superior Court in said action that the plaintiff be allowed the sum of two hundred dollars per month as and for alimony *pendente lite*, commencing with the date of the commencement of the action.

On the 1st of April, 1887, the plaintiff in the action aforesaid demanded of the defendant therein, the petitioner herein, the payment to her of two hundred dollars, by virtue of said order of July 26, 1886, which petitioner refused to pay.

April 14, 1887, on application, the judge of the Superior Court ordered the petitioner to show cause why he should not be adjudged guilty of contempt in disobeying the order of the 26th of July, 1886. The petitioner appeared by himself and counsel in response to such order to show cause, and such proceedings were had under such order, that the same came on for hearing before the Superior Court, on the 18th of April, 1887, when the petitioner appeared and claimed to show for cause that the order of July 26, 1886, was vacated by the entry of the judgment and decree of January 3, 1887. The Superior Court made and entered an order adjudging the petitioner, defendant in said action, guilty of contempt, and that he stand committed to the jail of the city and county of San Francisco, there to remain until

he pay said sum of two hundred dollars to said Mary C. Ambrose, plaintiff in said action. A warrant of commitment was issued to the sheriff, who attached the person of the petitioner and imprisoned him in the county jail, and continues to imprison him, the said two hundred dollars not having been paid. The petitioner contends that the imprisonment is illegal, and the order directing it void, and asks to be discharged.

It is contended by counsel for the petitioner that the sole question to be determined in this proceeding is, Was the decree entered in the case of *Ambrose* v. *Ambrose*, on January 3, 1887, a final or interlocutory decree? We do not find it necessary to decide, however, that the decree was not a finality so far as it adjudged a dissolution of the marriage. We have only to consider the effect of the clause, " All questions as to property . . . . are hereby reserved."

The language imports at least a reservation of the issues made by the pleadings as to property, common or separate, for further investigation *in the action.* If not a reservation for that purpose, it means nothing. It would be a forced construction to say the words employed are simply a declaration that the court refuses to try or pass on those questions. Moreover, the same rules of interpretation apply in ascertaining the meaning of a court order or judgment as in ascertaining the meaning of any other writing, and if the language be in any degree uncertain, we may properly refer to the circumstances surrounding the making of the order or judgment, — to the condition of the cause in which it was entered. When the decree of January 3, 1887, was entered, the referee was proceeding under the order of July 26, 1886, which order remained in full force and effect. The decree may properly be read in connection with the order of reference and the proceedings thereunder. All questions of property were " reserved," to be disposed of on the coming in of the referee's report.

It seems to us that to justify an order discharging the petitioner, we would be compelled to treat the reservation clause in the decree as absolutely void, and that on the entry of the decree for divorce, the Superior Court became *functus lite*, with no jurisdiction to proceed further in the cause, to entertain the report of the referee, to hear the parties upon any question of property, or to render judgment in the action with respect thereto. But this would be to disregard the clause of the order or decree which, as we construe it, reserves such questions, and in view of the previous order, evidently contemplates further judicial action in the same cause, — would leave untried important issues, and questions undetermined, for the determination of which the suit was commeneed and prosecuted. In construing its meaning, we are not required to decide whether it was an irregularity to enter the decree before all the issues were tried. If the court had no *power* to enter it, certainly the suit was not terminated by the decree. If the power existed, the meaning of the decree is, that the questions as to property be reserved for further hearing and consideration in the same action.

Ordered, that the petitioner be remanded to the custody of the sheriff.

Thornton, J., McFarland, J., Sharpstein, J., Temple, J., Searls, C. J., and Paterson, J., concurred.