[Crim. No. 455.   In Bank.—September 30, 1898.]

Ex parte ALFRED OVEREND on Habeas Corpus.

122   201
131   283
131   288

CONTEMPT OF COURT—REFUSAL OF WITNESS TO ANSWER—POWER OF COURT.—The court may punish a witness for past contempt for refusing to answer questions at a trial, under section 1218 of the Code of Civil Procedure, but cannot indefinitely imprison the witness for such refusal, until he shall have answered the questions, under section 1219 of that code, excepting while it is within the power of the witness to testify at that trial.

ID.—DISCONTINUANCE OF TRIAL—HABEAS CORPUS.—Where it appears that it is no longer possible for a witness, who was committed until he should answer questions put to him upon a trial, to purge his alleged contempt by answering, by reason of the discharge of the jury, and discontinuance of the trial, at which he was called as a witness, and that the period of his punishment for his past contempt has expired, he will be discharged from custody upon *habeas corpus*.

HABEAS CORPUS to the Supreme Court to test the validity of an order of imprisonment for contempt of the Superior Court of the City and County of San Francisco.   William T. Wallace, Judge.

The facts are stated in the opinion of the court.

J. J. Guilfoyle, and T. J. Quigley, for Petitioner.

A. P. Black, for Respondent.

McFARLAND, J.—On the fifteenth day of June, 1898, in the superior court of the city and county of San Francisco, sitting with a jury impaneled for the purpose, one Minnie Campbell was being tried upon a charge of having obtained money by false pretenses from the petitioner herein, Alfred Overend.   On the forenoon of that day the petitioner herein, Overend, was called as a witness for the prosecution on the said trial, and declined and refused to answer certain questions asked him by the prosecution, upon the ground that the answers would tend to convict him of a felony.   The first question which he refused to answer upon that ground was, "Do you know this defendant, Minnie Campbell?"   Other questions were asked him, such as, "Do you know the codefendant Lewis?" and, "Did you meet the defend-

ant Minnie Campbell and William Lewis, in this city and county,
on the sixth day of December, 1897?" The petitioner refused to
answer these questions and refused to give any further testimony
in the case upon the ground above stated. Thereupon the court
adjudged him guilty of contempt for not answering the said
questions, and, as a punishment, ordered that he be committed
to the county jail until 2 o'clock of that day, and also pay a fine
of five hundred dollars. The further hearing of the case was
continued until 2 o'clock of that day. At 2 o'clock the petitioner
was again on the stand, and asked similar questions, which he
declined to answer on the same ground; whereupon he was again
adjudged guilty of contempt, and punished by a fine of five hun-
dred dollars, and imprisoned in the county jail until 10 o'clock
next morning. On the next day, June 16th, the trial of the
case was resumed, and the petitioner, being put on the stand,
again was asked questions similar to those propounded on the
day previous, and again declined to answer upon the same
ground; whereupon the court again adjudged the petitioner
guilty of contempt for not answering the questions, and adjudged
that in punishment thereof he suffer imprisonment in the county
jail for a term of five days and pay a fine of five hundred dollars;
and, in addition thereto, the following judgment was also en-
tered: "I further adjudge that, as it appears to me that it is still
in your power to obey the order that you answer these questions,
that you be further imprisoned in the county jail until such
time as you shall submit to answer. The statute provides, when
the contempt consists in the omission to perform an act which
is yet in the power of the person to perform, he may be im-
prisoned until he has performed it, and I specify in this judg-
ment those questions as the questions that you must answer and
must remain imprisoned until you do submit to answer. That
is the judgment of the court, and you will be taken into custody
by the sheriff." Thereupon the court said: "Now, in this case
of Minnie Campbell it appears to the court that owing to the
refusal of this witness to answer questions about matters which
are indispensable to be proved by the state—by the prosecution
—in order to submit their case to the jury for decision, that
owing to his persistent refusal to answer, it has become impos-
sible, gentlemen, for you to render a verdict in this case, and

therefore an order will be made, that owing to this fact—the refusal of the witness called by the prosecution, one of the prosecution's witnesses—to answer these questions, and the inability of the prosecution to supply the testimony desired from another source, that it has thereby become impossible for you to render a verdict, and for that reason you are discharged, gentlemen, from the further consideration of this case." Thereupon, over the objection and exception of counsel for the defendant, Minnie Campbell, the jury were discharged and the trial ended; and it was ordered that the said Minnie Campbell be held in custody, and that her trial be reset at a future period.

Petitioner contends that the power of the court to punish him for contempt for not answering the said questions was exhausted by the first orders sentencing him to imprisonment for five days, which time has expired; also, that his claim that answering the questions would tend to convict him of a felony was conclusive; and, moreover, that if it was within the province of the court to itself determine whether his answering the questions would have that tendency, the main grounds on which the court based its rulings—namely, that it appeared to the court already, "by a certain transcript here on file, and being part of the records in this court, that the witness had heretofore, in this particular case in the examining court, appeared and there testified in answer to some of these questions, not objecting then at all, but allowing himself to testify fully," and that "it appears also by the witness' own statement that he has applied to the district attorney, the prosecuting officer of this court, and requested him to discontinue the prosecution of this case," are untenable; also, that the judgment imposes two distinct punishments for the same offense—the first under section 1218 and the second under section 1219 of the Code of Civil Procedure. Some of these contentions present interesting questions, but we do not deem it necessary to discuss them, because, in our opinion, the petitioner must be discharged upon another ground.

The term of imprisonment for five days has terminated; and as the jury in the case of *People v. Minnie Campbell* has been discharged, and the trial at which the petitioner was called upon to testify ended, it is no longer possible for him to testify at that trial, and he cannot be imprisoned indefinitely for the non-

performance of an impossibility. A party can be indefinitely punished for contempt only under section 1219 of the Code of Civil Procedure; and under that section he can be so imprisoned only when the contempt consists "in the omission to perform an act which is yet in the power of the person to perform." "A party cannot be imprisoned for neglecting or refusing to do what it appears it is out of his power to do. And an order of commitment in such a case is void." (Rapalje on Contempts, par. 115; *Adams v. Haskell,* 6 Cal. 316.) The case at bar comes within the principles stated in *Ex parte Rowe,* 7 Cal. 175, and *Ex parte Hall,* 10 Mich. 210. As was stated in the latter case, a commitment "would not authorize an imprisonment when the person could not have an opportunity to purge his contempt by answering." In the present case, the discharge of the jury and the discontinuance of the trial at which the petitioner was called as a witness left no opportunity for him to purge his alleged contempt. The occasion for enforcing a proceeding against him under section 1219 had passed, and he was subject only to punishment for the past alleged contempt under section 1218.

The petitioner is discharged from custody, and the sheriff is directed to release him.

Beatty, C. J., Van Fleet, J., Garoutte, J., and Temple, J., concurred.