[Crim. No. 701. Second Appellate District, Division Two.—February 11, 1920.]

In the Matter of the Application of B. MYERS, also Known as BORIS MYERS, for a Writ of Habeas Corpus.

[1] HABEAS CORPUS—COMMITMENT UNDER ORDER IN SUPPLEMENTARY PROCEEDINGS—DETENTION UNTIL PAYMENT OF JUDGMENT.—Where a defendant has in his possession and under his control property sufficient to satisfy a judgment obtained against him, in a proceeding supplementary to execution the court may order that "said defendant forthwith pay to the clerk of this court so much . . . as is necessary to satisfy said judgment," and that he be committed to the custody of the sheriff until such time as he shall

---

1. When refusal of writ of *habeas corpus* is justifiable, note, 67 Am. Dec. 395.

have complied with the order so made, and a defendant thus committed to the custody of the sheriff is not entitled to his discharge on *habeas corpus* on the ground that his imprisonment is illegal.

PROCEEDING on Habeas Corpus to secure the release of a defendant committed to the custody of the sheriff for refusal to perform an order of the Superior Court of Los Angeles County. Writ discharged.

The facts are stated in the opinion of the court.

Willedd Andrews for Petitioner.

F. S. Hutton for Respondent.

THOMAS, J.—Petitioner here, claiming that he is "unlawfully imprisoned, detained, confined, and restrained of his liberty by the sheriff of Los Angeles County," asks this court that a writ of *habeas corpus* may be granted, directed to said sheriff, restoring petitioner to his liberty, etc.

It is alleged that said imprisonment, etc., is illegal, in that "no complaint has been filed in the superior court of the state of California, in and for the county of Los Angeles, charging this petitioner with any criminal offense or crime," and that he "was ordered and committed into the custody of the sheriff of Los Angeles County . . . by the Honorable Grant Jackson, Judge of the superior court, . . . which commitment is dated February 6, 1920, . . . and is based on the following testimony of B. Myers, who was called as a witness on behalf of the plaintiff in the case of A. L. Gore, Plaintiff, v. B. Myers, Defendant." (Here follows copy of transcript of the testimony referred to.) The sheriff, in his return, showed, among other things, that "said B. Myers . . . was committed to my custody by virtue of a commitment issued by the Honorable Judge of the superior court of the county of Los Angeles, a copy of which is hereto annexed," etc. [1] From said order of commitment it appears that defendant therein, petitioner here, was before the lower court in supplementary proceedings, and the court found that he "had in his possession and under his control, fifteen thousand dollars . . . in the form of Canadian War Bonds, and sufficient to satisfy said judgment, and . . . out of which he is able to pay the judgment herein," and or-

dered that "said defendant forthwith pay to the clerk of this court so much . . . as is necessary to satisfy said judgment," and that he be committed to the custody of the sheriff until such time as he shall have complied with the order so made.

Counsel for petitioner has called our attention to, and relies upon, the case of *Ex parte Overend*, 122 Cal. 201, [54 Pac. 740], to support his contention here. The case is not in point. It was there held that because the court had itself put it beyond the power of the witness to comply with its order, by discharging the jury and discontinuing the trial at which petitioner was called as a witness, the petitioner in that case could not be indefinitely punished for contempt under section 1219 of the Code of Civil Procedure, while in the case at bar the court found that petitioner *could* perform, and, therefore, he was amenable to the order made, under the terms of the section above cited, nothing appearing to the contrary in the record before us.

Though the facts here differ materially from those in the *Matter of Gutierrez, post*, p. 94, [188 Pac. 1004]—which was also an application for a writ of *habeas corpus*—the reasons there given for denying the writ are equally applicable here.

The writ is discharged and the prisoner remanded.

Finlayson, P. J., and Sloane, J., concurred.