[Civ. No. 10937.  Second Appellate District, Division Two.— April 24, 1936.]

SARAH I. WILLIAMS, Respondent, v. CHARLES DAVERSON WILLIAMS, Appellant.

Daily & Gallaudet for Appellant.

Milton D. Klein for Respondent.

GOULD, J., *pro tem.*—Divorce proceedings between the parties hereto resulted in the court granting a decree of di-

vorce to the husband, but the custody of an eight-year-old son was awarded to the wife. After the final decree of divorce and the subsequent remarriage of the husband he instituted a proceeding for modification of the custodial order, asking that the son be placed in his custody and control. This the court refused to do, leaving the child in nominal custody of the wife but requiring that said child be kept at a private school, with right of visitation accorded each parent. Defendant was also ''ordered to pay plaintiff's attorney fees of $50.00''. From the custodial order and from the order for payment of attorney fees defendant appeals.

■ Appellant suggests that the custodial order is ''an abuse of discretion'' on the part of the trial judge. No such abuse is apparent. The whole matter is committed to the wise discretion of the judge who hears the testimony, sees the witnesses, examines the parties themselves and who is, in the very nature of things, in a position to determine what is for the best welfare of the child. Testimony in this case was extensive, both as to the fitness of the parents and the propriety of allowing the child to remain in the private school. No abuse of discretion being shown, the custodial order will not be disturbed.

■ The allowance of attorney's fees is attacked by appellant upon the ground that the order is for the payment of fees directly to the attorney and not to respondent. It is settled, of course, that allowance of attorney's fees can be made only to the party to the action and not to the attorney for such party; and an order for payment directly to the attorney is unauthorized and in excess of the court's jurisdiction. (*Stevens* v. *Stevens*, 215 Cal. 702 [12 Pac. (2d) 432].) In the case before us, however, we do not interpret the order as necessarily a direction for the payment of fees directly to counsel. It may with equal force be construed as a direction for the payment to respondent of her attorney's fees. The interpretation upholding the validity of the court's judgment is to be favored, and as said in the similar case of *Robinson* v. *Robinson*, 79 Cal. 511 [21 Pac. 1095], ''while the judgment is in some respects not happily worded, still we think it should be treated as a judgment in favor of the plaintiff''.

The orders appealed from are affirmed.

Crail, P. J., and Wood, J., concurred.