[Sac. No. 5061. In Bank.—August 24, 1937.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a Corporation), Appellant, v. THEO. K. HILL et al., Respondents.

J. A. Pardee, Chenoweth & Leininger and Louis Ferrari for Appellant.

Carter, Barrett, Finley & Carlton for Respondents.

CURTIS, J.—On August 29, 1931, defendant F. A. Landon commenced an action in the Superior Court of the County of Shasta against defendants Theo. K. Hill and George Exley. The complaint in said action set forth three causes of action. The first cause of action was for damages for eviction from certain real property. The second cause of action was for conversion of personal property to plaintiff's damage in the sum of $528. The third cause of action was to recover an indebtedness of $528 for goods, wares and merchandise sold and delivered. It is admitted that the second and third causes of action were based upon the same transaction. In that action a writ of attachment was regularly issued and placed in the hands of the sheriff of said county, who duly levied the same upon the real property here involved. On December 30, 1931, and while said action was pending, Hill executed and delivered to the predecessor of plaintiff a trust deed on said property to secure the payment of $1500, which trust deed was duly recorded on January 7, 1932. On April 29, 1932, judgment in said action was rendered in favor of Landon and against Hill for $4,500 damages in the first cause of action, and "that plaintiff recover damages from defendants, Theo.

K. Hill and George Exley, in the sum of $174.00''. Execution was taken out and levied upon said real property and the same was sold to defendants, Jesse W. Carter and F. A. Landon, and on November 1, 1934, the purchasers received a sheriff's deed to said real property. On August 13, 1934, this action was brought to foreclose said trust deed and for a receiver of the property in controversy. Jesse W. Carter, having acquired the interest of defendant Landon in said real property, filed an answer and also a cross-complaint praying that his title to said real property be quieted as to the claims of the plaintiff, the Bank of America National Trust and Savings Association. Upon these issues the case was tried by the court, and resulted in a judgment in favor of the defendant and cross-complainant quieting his title to the real property involved. The plaintiff, the Bank of America National Trust and Savings Association, has appealed.

It is the contention of the appellant that the judgment rendered in the action of *Landon* v. *Hill* was for the recovery of damages only in an action in tort, and that the attachment theretofore issued and levied upon the real property was extinguished or discharged by said judgment.

It is conceded that the attachment was properly issued under the third cause of action of the complaint in the action of *Landon* v. *Hill* and that it was legally levied upon said real property, but it is contended that the judgment for the recovery of damages for the conversion of the personal property was rendered upon the second cause of action and not upon the third cause of action, and therefore, that said judgment did not continue in force the attachment lien, but that the attachment was extinguished or discharged by said judgment.

The trial court in the action of *Landon* v. *Hill* found, ''That it is true that on or about the said 24th day of August, 1931, in said town of Anderson, county of Shasta, state of California, the above named defendants, Theodore K. Hill and George Exley, unlawfully took and carried away said goods, wares and merchandise, and converted and disposed of the same to their own use, to the damage of plaintiff in the sum of $174.00.'' The facts found by the court support either the second cause of action in tort for the wrongful conversion of the personal property, or the third cause of action in *assumpsit* for the value of the personal property wrongfully converted. There is no doubt in our opinion that this finding

is sufficient to support an action in *assumpsit*. (*Los Angeles Drug Co.* v. *Superior Court,* 8 Cal. (2d) 71 [63 Pac. (2d) 1124].) We have, therefore, a proper complaint in an action upon a contract and a finding of the court that the allegations of the complaint are true. We now pass to the consideration of the judgment rendered in the same action. As we have seen, in the judgment it was adjudged and decreed "that plaintiff recover damages from defendants Theo. K. Hill and George Exley in the sum of $174.00." It is contended by appellant that as the judgment was rendered for the recovery of "damages", it must necessarily be held that the judgment was based upon the second cause of action which was a cause of action in tort.

Where personal property is wrongfully converted, the owner thereof may sue *ex delicto* for the wrong, or he may waive the wrong and sue either for the value of the property converted or for money had and received. (*Hallidie* v. *Enginger,* 175 Cal. 505, 508 [166 Pac. 1].) "According to the well established principles of law, where a wrongful act is both a tort and a breach of contract, the plaintiff may waive the tort and sue in contract. By virtue of this rule it is well settled that where a person takes and sells the property of another, without authority, the party aggrieved may waive the tort and sue in *assumpsit* for the price received at such sale or for the value of the property so taken. The basis of this 'waiver of tort' is that the plaintiff consents to the taking of his property and affirms the act of the wrongdoer. He treats it as a sale, and recovers the value due him under an implied contract of sale." (1 Cal. Jur., p. 322.)

The rule thus announced was followed by this court in its recent decision in the case of *Los Angeles Drug Co.* v. *Superior Court,* 8 Cal. (2d) 71 [63 Pac. (2d) 1124]. That action involved the power of the court to dissolve an attachment issued in an action for the recovery of the value of goods wrongfully converted. It was held that the complaint in said action was framed upon the theory of an implied contract and therefore the attachment was regularly issued and the court was without the power to dissolve the same. This court in that action quoted with approval the following statement of the law: "While the complaint does allege that the property was 'converted' by defendants, we think this action was in reality one in *assumpsit* for the value of the property sold." (*Corey* v. *Struve,* 170 Cal. 170, 172 [149 Pac. 48].)

From these authorities it will be seen that where personal property is wrongfully converted, the owner may waive the tort and sue in *assumpsit* for the value of the property wrongfully converted. The action of *assumpsit* is defined as "an action for the recovery of damages for the nonperformance of an oral or simple written contract." (5 Cor. Jur., p. 1380.) In Ruling Case Law, volume 2, page 742, we find the following definition: "The action of *assumpsit* is a remedy by which compensation in damages may be recovered for the nonperformance of a contract."

The contention of appellant, therefore, that as the judgment in the case of *Landon* v. *Hill* was for the recovery of damages, it was rendered in an action in tort, or in the second cause of action, cannot be sustained. On the other hand, that part of the judgment which provided that plaintiff was entitled to recover damages in the sum of $174 against the defendants conformed in all respects to a judgment based upon a cause of action in *assumpsit* for the recovery of the value of personal property wrongfully converted.

Appellant further contends that this judgment also is a valid judgment in the action in tort as set forth in the second cause of action in the case of *Landon* v. *Hill,* and that while an aggrieved party may, where property belonging to him has been unlawfully converted by another, waive the tort and sue on contract, he cannot do both, and recover on both causes of action. The authorities upon this question are that the aggrieved party cannot recover two judgments for the one wrong, and that he must elect his remedy and stand upon his election. (*Hallidie* v. *Enginger, supra.*) But in the action of *Landon* v. *Hill* only one judgment was recovered for the conversion of said personal property. The right of election is intended for the benefit of the party charged, and may be waived by him. (*Klinger* v. *Modesto Fruit Co., Inc.,* 107 Cal. App. 97, 103 [290 Pac. 127].) At most, the failure to require a party in an action to exercise this right is a mere irregularity and would render the judgment in the action voidable and not void. In a collateral attack on the judgment, and the present proceeding is such an attack, an irregularity in the proceedings leading up to the judgment may not be relied upon to set aside or defeat a voidable judgment. (15 Cal. Jur. 83.)

As we have seen the attachment was regularly levied and became a valid lien upon the real property attached.

Such lien remained in full force up to the time judgment was rendered. Had the defendant in said action recovered judgment, the attachment would have been discharged and the attached property released from said attachment. (Sec. 553, Code Civ. Proc.) In that action, however, the defendant failed to recover any judgment whatever. The most that can be said in favor of the claim of the appellant herein is that the judgment is not free from uncertainty and may be considered as a judgment either upon the second or the third cause of action. Had it been rendered only upon the second cause of action, the defendant therein would have been entitled to his costs incurred in the third cause of action in which the attachment issued. But no such judgment was rendered. The only judgment rendered, as we have seen, was in favor of the plaintiff in said action, the effect of which was to continue the attachment lien, not to discharge the same.

The appellant suggests that the order of the court made at the conclusion of the trial in the case of *Landon* v. *Hill,* in which the court directed that judgment be given in favor of the plaintiff on the first and second causes of action and instructed plaintiff's counsel to draw findings indicates that the trial court intended that its judgment for the conversion of the personal property involved was based upon the second rather than the third cause of action. This order of court is no part of the judgment roll, and like the opinion of the trial court in the decision of a cause cannot be considered even on appeal. (*Estate of Felton,* 176 Cal. 663 [169 Pac. 392]; 2 Cal. Jur., p. 488.) It was not admissible for any purpose in this proceeding which is a collateral attack on the judgment. The findings were drawn and signed by the court, and as we have seen they support either a judgment on the second or on the third cause of action. The conclusions of law and the judgment follow the findings. There is no finding against the plaintiff upon his third cause of action, and, as we have seen, there is no judgment against plaintiff on the third cause of action. As this judgment which was signed by the trial judge may be construed as one based upon the third cause of action, the prior opinion or statement of the trial court may not be resorted to for the purpose of defeating the subsequent and final determination of the court as shown by its judgment.

■ As the attachment lien was prior in time to the trust deed of the plaintiff, the subsequent sale of the attached property under an execution issued on the judgment in the action in which the attachment was issued, wiped out the lien of the trust deed, and the purchasers at such sale took title to the property purchased free from the lien of the trust deed.

■ The equities in the case are entirely with the respondent. His predecessor had a good cause of action entitling him to a writ of attachment. The attachment was duly issued and regularly levied. The findings of the court support the allegations of the third, or *ex contractu* cause of action. Respondent's predecessor was therefore entitled to a judgment upon his third cause of action. If such a judgment was ambiguous in certain respects, the ambiguity was due to some oversight or inadvertence either on the part of the court or counsel in drawing the judgment. For this reason the judgment as rendered should be liberally construed with a view to the giving effect to the real intention of the parties. ■ On the other hand, the record shows that at the time the trust deed was given in favor of the bank, the attachment was a valid lien upon the real property covered by the trust deed. The bank had constructive, if not actual, notice of the attachment proceedings, as it would be most unusual for a bank to loan money upon real property without having a search of title made. The judgment rendered in the attachment proceedings was for a comparatively small amount, and the bank could have satisfied the same by a payment or tender of this amount. It made no such attempt, but allowed the attached property to be sold under execution. No redemption from said sale was made during the year immediately following the sale. The sheriff accordingly executed and delivered a deed of the property to the purchasers. The bank had every opportunity to protect itself from the attachment and also from the judgment subsequently rendered. It failed to avail itself of any of these opportunities but chose to rely upon its chances of defeating the attachment lien and thereby acquire a first lien upon the attached property. In this endeavor, in our opinion, it signally failed.

The judgment is affirmed.

Edmonds, J., Shenk, J., Seawell, J., and Nourse, J., *pro tem.*, concurred.

Rehearing denied.