[S. F. No. 16387. In Bank.—November 26, 1940.]

SIEGBERT LAZAR, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Grover O'Connor for Petitioner.

Eric J. Robertson for Respondents.

CARTER, J.—A writ of *certiorari* was issued by this court for the purpose of reviewing an order of the Superior Court of the City and County of San Francisco adjudging petitioner to be in contempt for refusing to make certain payments to his former wife in accordance with the provisions of a final decree of divorce.

On November 30, 1936, petitioner and his wife, then living apart, entered into a property settlement agreement, the purpose of which, as stated in the agreement, was a complete settlement of all their property rights. In addition to provisions assigning certain items of personal property and bank

accounts to the respective parties, there was a clause providing that the "Wife shall have and Husband agrees to pay her as part of this property settlement, the sum of One Hundred and Thirty Dollars ($130.00) on or before Dec. 31, 1936, and a like sum on or before the last day of each calendar month thereafter during the lifetime of Wife or until the remarriage of Wife, if she and Husband are divorced and she remarries." A further clause provided that the provisions of the agreement were to be incorporated in any decree or judgment rendered by any court in an action for divorce between the parties, and that neither party should have the right to apply for a modification of any judgment or decree that might be made by the proper court for the establishment of the property rights of the parties. After the execution of this agreement, and on December 18, 1936, the wife, as plaintiff, was granted an interlocutory decree of divorce from her husband, the petitioner herein. The agreement was approved by the court and made a part of the decree. Certain provisions of the agreement were set out in full in the decree under the heading, "The plaintiff shall have as her separate property the following:" Then followed an itemization of certain personal property which, in turn, was followed by a clause providing for the monthly payments from the husband to the wife of $130 until the remarriage or death of the wife. The decree further provided that the wife was not entitled to maintenance, support or alimony.

Subsequent to the entry of the final decree of divorce, which confirmed the interlocutory decree, the petitioner was cited for contempt for failing to make the monthly payments provided for in said decree. At the hearing following such citation the court ordered petitioner to pay a certain sum then in his possession to the former wife. Petitioner refused to obey such order and the court immediately adjudged him in contempt.

Petitioner argues that, aside from the power to award temporary alimony, counsel fees and support for children, which are not involved in this proceeding, the superior court has only the power to grant support to an innocent wife (Civ. Code, sec. 139) and by sections 146 and 147 of the Civil Code, to divide community property; that there was no community property at the time of the hearing of the divorce action because such had already been converted into separate prop-

erty by way of the property settlement agreement; that no support was awarded because a paragraph of the decree provided that plaintiff was not entitled to maintenance, support or alimony and no award therefor was made; that therefore the court had no jurisdiction to order the petitioner to pay the plaintiff $130 per month, nor jurisdiction to hold petitioner guilty of contempt for his refusal to pay said amount pursuant to such order.

The question to be decided therefore is whether the provision for payment of $130 per month to the former wife is merely a part of an agreement between the parties under which only the usual contract remedies are available, or whether such provision is a part of the court's decree and, as such, an order for payment of support, maintenance or alimony which may be enforced by contempt proceedings.

Preliminarily, certain general observations regarding property settlement agreements prior to divorce actions and the trial court's power in relation thereto, seem appropriate. ■ A husband and wife may contract with one another concerning matters of property and support. (Civ. Code, secs. 158, 159; *Huntsberger* v. *Huntsberger*, 2 Cal. (2d) 655 [43 Pac. (2d) 258].) ■ But such agreements are subject to close scrutiny by a court in a subsequent divorce action and may be approved, modified or rejected by such court in the exercise of the powers given it under sections 139 and 146 of the Civil Code. (*Moog* v. *Moog*, 203 Cal. 406 [264 Pac. 490]; *Smith* v. *Smith*, 94 Cal. App. 35 [270 Pac. 463].) ■ If a property settlement agreement is complete in itself and is merely referred to in a divorce decree or approved by the court but not actually made a part of the decree, then the provisions of such agreement cannot be enforced by contempt proceedings. (*Baxter* v. *Baxter*, 3 Cal. App. (2d) 676 [40 Pac. (2d) 536]; *Schnerr* v. *Schnerr*, 128 Cal. App. 363 [17 Pac. (2d) 749].) ■ On the other hand, if, by the language of the agreement itself, it is shown that the intent was to make the agreement a part of a future divorce decree and, if the agreement is actually incorporated in the decree, then such provisions become a part of the order of the court and may be enforced as such. (*Tripp* v. *Superior Court*, 61 Cal. App. 64 [214 Pac. 252]; *Ex parte Weiler*, 106 Cal. App. 485 [289 Pac. 645]; *Miller* v. *Superior Court*, 9 Cal. (2d) 733 [72 Pac. (2d) 868].)

■ An examination of the agreement and the decree in the instant case shows clearly that both the parties and the trial court intended the monthly payments to be made a part of the divorce decree and that such monthly payments were intended to be made for the support of the wife. Paragraph 2 of the agreement, as already shown, provides that $130 per month is to be paid by the husband to the wife during her lifetime or until her remarriage. The latter part of this provision is in the form usually employed for an award of support, alimony or maintenance and unquestionably the parties considered it to be such. A further indication that the monthly payments were so considered is found in paragraph 9 of the agreement wherein it is stated, ''Each party hereto waives and relinquishes all rights, claims and demands of every nature and description which he or she has against the other for maintenance, support and alimony, and except as hereinbefore expressly provided, Wife hereby waives any and all claims and demands which she has or may have against Husband for counsel fees.'' That the parties contemplated obtaining a divorce immediately following the agreement is shown by paragraph 8, which provides for attorney's fees. That the agreement was intended to be a part of any future divorce decree, if acceptable to the court, is shown by paragraph 11 which declares that: ''It is agreed between the parties hereto that the Court, at any hearing, at any time, of the matters dealt with in this agreement shall take cognizance thereof, and shall, in any judgment or decree that may be rendered by said Court, incorporate therein the essential provisions of this agreement. Further, neither party hereto shall have the right to make application to the Court for the modification hereafter of any judgment or decree that may be made by the proper Court for the establishment of the property rights of the parties hereto as hereinafter set forth.''

That such agreement was acceptable to the trial court is evidenced by the second paragraph of the decree to the effect that ''It is further ordered, adjudged and decreed that that certain agreement in writing, dated Nov. 30, 1936, by and between the plaintiff and defendant be and it is hereby approved and made a part of this Decree, and the property rights of the parties as set forth in said agreement be, and they are hereby approved, and the community property of said parties is hereby distributed to them in accordance with the terms of said agreement, to wit:

"The plaintiff shall have as her separate property the following:" (Then follows an itemization of certain personal property.) In a separate paragraph the decree reads: "In addition, plaintiff shall have, and defendant shall pay to her, the sum of One Hundred and Thirty Dollars ($130.00) on or before December 31, 1936, and a like sum on or before the last day of each calendar month thereafter during the lifetime of plaintiff, or until the remarriage of plaintiff; said monthly installments of One Hundred Thirty Dollars ($130.00) shall be deposited by defendant to plaintiff's account in the San Francisco Bank—526 California Street, San Francisco, California." There can be no question but that the court thereby made the substance or contents of the agreement part and parcel of its decree. This was done, not merely by incorporation of parts of the agreement but, at least as regards the monthly payment provision, by an actual change of verbiage, i. e., instead of the words "wife" and "husband" the words "plaintiff" and "defendant" were used.

Under all the circumstances, it may not be successfully contended now that the order for payment of $130 to the wife was not an order by the court for payment of alimony, support or maintenance. The obvious intention of the parties and the trial court would appear to be that such payments were contemplated as support money.

Nor do we think this conclusion is disturbed by the presence of that paragraph in the decree declaring that "the plaintiff is not entitled to maintenance, support or alimony, and no award therefor it made to her". The only reasonable construction attributable to the latter provision is that the wife "is not entitled to maintenance, support or alimony" other than that theretofore agreed to by the parties and approved and adopted by the court. ■■ Individual clauses or provisions of a judgment, just as in a contract or any other document, are not to be separately considered and construed but, on the contrary, the entire document is to be taken by its four corners and construed as a whole to effectuate the obvious intention. (*Ex parte Ambrose,* 72 Cal. 398 [14 Pac. 33]; *Watson* v. *Lawson,* 166 Cal. 235 [135 Pac. 961]; *Boyer* v. *Crichton,* 100 Cal. App. 24 [279 Pac. 677]; *Rinaldo* v. *Board of Medical Examiners,* 123 Cal. App. 712 [12 Pac. (2d) 32]; *Security Trust & Sav. Bank* v. *Southern*

*Pac. R. R. Co.,* 6 Cal. App. (2d) 585 [45 Pac. (2d) 268].) As we have already indicated, reading the agreement and the decree together and in their entirety, but one conclusion is possible, viz., that the parties and the court intended the monthly instalments to be support payments for the wife. This being true, it was within the jurisdiction of the superior court to adjudge petitioner guilty of contempt for refusing to make the payments ordered.

From what we have said in the foregoing opinion, it must necessarily follow that the order should be affirmed, and it is so ordered.

Shenk, J., Curtis, J., Edmonds, J., and Gibson, C. J., concurred.