[Civ. No. 16496. Second Dist., Div. Two. June 8, 1948.]

WILLIAM H. NEBLETT, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY and WILLIAM B. McKEESON, Judge Thereof, Respondents.

Grivi & Norris and Henry Grivi for Petitioner.

Harold W. Kennedy, County Counsel, and James A. Cobey, Deputy County Counsel, for Respondents.

McCOMB, J.—This is an original proceeding for a writ of certiorari seeking the annullment of an order of the superior

court of March 19, 1948, finding petitioner guilty of contempt of court and sentencing him to three days in jail.

The undisputed facts disclosed by the petition for writ of certiorari are these:

On December 9, 1943, Ruby E. Neblett, wife of petitioner, filed suit for divorce against him. The trial of the action was commenced May 15, 1947, and completed on May 23, 1947. On the latter date the case was taken under submission by the trial judge. On *May 29, 1947*, the trial judge directed that there be entered, and there was entered, a minute order, (1) granting plaintiff an interlocutory decree of divorce; (2) ordering defendant to pay plaintiff's attorney $1,500 as attorney's fees at the rate of $100 per month, commencing June 1, 1947; and (3) directing "counsel for plaintiff and cross-defendant to prepare and submit findings and judgment." On August 21, 1947, the trial judge signed and filed findings of fact, conclusions of law, and a judgment granting plaintiff an interlocutory decree of divorce.

Petitioner herein did not make any payments on the attorney's fees mentioned in the minute order. On October 24, 1947, an order to show cause was issued, directing petitioner to appear and show cause why he should not be punished for contempt for failure to comply with the provisions of the *minute order of May 29, 1947*, relating to attorney's fees. On March 19, 1948, the trial judge found petitioner guilty of contempt of court for failure to comply with the *minute order of May 29, 1947*, in that he had not paid on account of the attorney's fees mentioned in such minute order the sums due on the first of June, July and August, 1947. Accordingly petitioner was sentenced to three days in jail.

Respondents have filed a demurrer to the petition on the grounds, (a) that no proper return has been made to the writ of review, and (b) the petition fails to state a cause of action showing that respondents had exceeded the jurisdiction vested in them by law.

## QUESTIONS

First: *Was there a proper return to the writ of review issued by this court?*

This question must be answered in the affirmative and is governed by this rule: A demurrer to a petition for certiorari admits the facts alleged in the petition, and where the petition sets forth the proceedings in the court below whose action is

under review, the demurrer makes the petition the return upon which the review should be heard, and petitioner is not required to file a certified copy of the proceedings. (*Estrin* v. *Superior Court*, 14 Cal.2d 670, 671 et seq. [96 P.2d 340].)

In the present case respondent filed a demurrer to the petition thereby admitting the facts which are well pleaded in the petition, and it was unnecessary for petitioner to file any further or additional record in this court.

Second: *Did the trial court exceed its jurisdiction?*

This question must likewise be answered in the affirmative and is governed by these rules:

(1)  A minute order directing that findings and judgment be drawn does not constitute the decision of the court and is entirely immaterial. (*Canadian etc. Co.* v. *Clarita etc. Co.*, 140 Cal. 672, 677 [74 P. 301].)

(2)  Findings of fact and conclusions of law signed by the trial judge constitute the court's decision and such decision supersedes any prior minute order directed to be entered by the trial court. (*McConville* v. *Superior Court*, 78 Cal.App. 203, 208 [248 P. 553]; *Fuhrman* v. *Superior Court*, 2 Cal.2d 250, 253 [39 P.2d 802].)

Applying the foregoing rules to the facts of the instant case the *minute order of May 29, 1947*, was not the decision of the court and was superseded by the findings of fact, conclusions of law, and interlocutory judgment signed and filed August 21, 1947. It thus follows that the trial court in finding petitioner guilty of contempt of court for failure to comply with the provisions of the *minute order of May 29, 1947*, predicated its judgment upon petitioner's violation of an order which had been superseded and was nonexistent. (See rules (1) and (2), *supra*.) Hence petitioner was not adjudged guilty of violating any valid order of the superior court and the judgment finding him guilty of contempt must be annulled.

Third: *Was respondent judge a proper party to the present proceedings in certiorari?*

This question must be answered in the negative. The rule is settled in California that a judge of the superior court whose order it is sought to review by a writ of certiorari or a writ of review is not a proper party to the proceeding. (*Benjamin Franklin B. & I. Corp.* v. *Schmidt*, 132 Cal.App. 39, 40 [22 P.2d 26].)

For the foregoing reasons (1) the demurrer to the petition is overruled; (2) the order of the superior court of March

19, 1948, finding petitioner guilty of contempt of court for failure to comply with the minute order of May 29, 1947, and sentencing him to three days in jail is annulled; and (3) the petition for a writ of certiorari as to respondent Judge William S. McKesson is dismissed.

Moore, P. J., and Wilson, J. concurred.