[Civ. No. 21737. Second Dist., Div. One. May 18, 1956.]

GEORGE D. GIDEON 3rd, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MARION B. GIDEON, Real Party in Interest.

George D. Gideon, 3rd, in pro. per., for Petitioner.

Harold W. Kennedy, County Counsel, for Respondent.

Hahn, Ross & Saunders and E. Loyd Saunders for Real Party in Interest.

NOURSE (Paul), J. pro tem.*—Petitioner seeks writ of prohibition to restrain respondent court from executing an

_____

*Assigned by Chairman of Judicial Council.

order sentencing him to jail for five days and to pay a fine of $250, and in the event he fails to pay the fine to serve one day in jail for each $2.00 of the amount he fails to pay.

Petitioner is the defendant in an action for divorce. At the conclusion of the trial on July 7, 1955, the court orally announced its decision, and the clerk entered the following synopsis thereof:

"After argument, interlocutory judgment of divorce is granted. . . . Defendant is ordered to pay plaintiff through the Court Trustee $50.00 monthly for the support of each of the minor children, and for the support of the plaintiff $100.00 per month for a period of 1 year, and $70.00 thereafter or until further order of Court. Defendant is ordered to pay plaintiff's attorneys fees in the sum of $1250.00 payable $50.00 per month, and $267.64 cost payable $10.00 per month. . . . Findings and judgment are to be prepared by attorney for plaintiff."

Findings of fact and conclusions of law and an interlocutory decree of divorce were filed on October 6, 1955, and that decree was entered the following day. The decree ordered the payments of alimony and for child support in the amounts stated by the court at the conclusion of the trial; but ordered them to commence on August 1, 1955, and to be thereafter paid on the 1st of each month. It did not follow the court's oral decision, as reflected in the minutes, as to attorney's fees, but it reduced the additional fees allowed to $950 and made them payable at the rate of $50 per month, commencing August 1, 1955.

On December 7, 1955, the respondent court issued an order requiring petitioner to show cause why he should not be adjudged guilty of contempt for willfully disobeying "the Order heretofore made on the 7th day of July 1955, and entered October 7, 1955."

This order referred to and was based upon the affidavit of the plaintiff in the action. In this affidavit the plaintiff averred that "on July 7, 1955, entered Oct. 7, 1955 . . . the . . . Court made its Order" requiring the payments of alimony, child support, and attorney's fees heretofore mentioned, and averred that petitioner was in default in the payments claimed to be due on August 1 to December 1, both inclusive, except that petitioner had paid on account of child support the total sum of $225. She further averred petitioner's ability to pay.

Neither the order to show cause nor the affidavit contains

any mention of the interlocutory decree. The matter was heard before a commissioner who made a written recommendation to the court. This recommendation was adopted by the court, and constitutes the judgment of contempt. It reads, in part, as follows: ''The court finds that the defendant had knowledge of the order of July 7, 1955, entered October 7, 1955; that the defendant had the ability to comply with said order of court; that the defendant failed to comply with said order of court; and that his failure to comply was wilful. The defendant is therefore adjudged in contempt of court . . .''

 The facts we have recited make it evident that the court was without jurisdiction to adjudge petitioner in contempt of an order of that court.

Petitioner was not charged by the affidavit or found by the court to be in contempt of the interlocutory decree. He was only charged with a contempt of the order of July 7, 1955. This order did not direct the petitioner to do anything. It was merely the clerk's synopsis of the court's oral pronouncement of its conclusions, its order for judgment, and its direction that findings of fact and conclusions of law, and a decree be drafted by plaintiff's counsel. Until these were drafted and signed and filed, the court retained entire control of the matter and could have, of its own motion and without notice or further hearing, changed its conclusions and ordered an entirely different judgment (*Reimer* v. *Firpo*, 94 Cal.App.2d 798, 800 [212 P.2d 23]).

 Inasmuch as the order specified in the affidavit did not direct that petitioner do anything, the petitioner could not, by failing to act, be in contempt of it. The affidavit, therefore, was wholly insufficient to clothe the respondent court with jurisdiction to adjudge petitioner in contempt (*Warner* v. *Superior Court*, 126 Cal.App.2d 821, 824 [273 P.2d 89]).

Let a peremptory writ of prohibition issue.

White, P. J., and Doran, J., concurred.