[Crim. No. 6122. Second Dist., Div. Two. Jan. 23. 1958.]

In re GEORGE D. GIDEON, 3d, on Habeas Corpus.

134

George D. Gideon, 3d, in pro. per., for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), and William E. Lamoreaux, Assistant County Counsel, for Respondent.

E. Loyd Saunders for Real Party in Interest.

RICHARDS, J. pro tem.*—A writ of habeas corpus was issued by this court on petition of George D. Gideon, 3d,

---

*Assigned by Chairman of Judicial Council.

who was in custody under sentence of five days' imprisonment for failure to comply with an interlocutory judgment of divorce which ordered him to vacate the family premises.

Petitioner is the defendant in an action for divorce. At the conclusion of the trial on July 7, 1955, the court orally pronounced its decision awarding an interlocutory judgment of divorce to the plaintiff and providing, *inter alia*, that petitioner should vacate the family home "on or before July 20, 1955." The findings of fact, conclusions of law and interlocutory decree of divorce were directed by the court to be prepared by counsel and were filed on October 6, 1955, and the judgment was entered on October 7, 1955. See *Gideon* v. *Superior Court*, 141 Cal.App.2d 640 [297 P.2d 84]. The judgment as entered on October 7, 1955, conformed to the decision of the court and ordered the petitioner to vacate the premises "on or before July 20, 1955."

In response to the writ of habeas corpus, the sheriff filed his return, attached to which and made a part thereof was a copy of the commitment wherein the court finds that the petitioner "has willfully failed and refused, and still does willfully fail and refuse to comply with the said order of court," viz., the judgment entered October 7, 1955.

Petitioner's only contention is that he cannot be found in contempt of the judgment for his failure to vacate the premises after the entry thereof for the reason that it ordered him to vacate on or before a date which was prior to the entry of the judgment. He argues that so much of the judgment which ordered him to vacate was rendered null and void by reason of the additional provision that he comply therewith on or before a prior date. We agree that there was no enforceable order to vacate the premises until the entry of the interlocutory judgment on October 7, 1955, and that the petitioner could not be found in contempt for his failure to comply with that order prior to the entry of the decree. (*Gideon* v. *Superior Court*, 141 Cal.App.2d 640 [297 P.2d 84] ; *Neblett* v. *Superior Court*, 86 Cal.App.2d 64 [194 P.2d 22].) However, the adjudication of contempt was not based upon a finding of his failure to vacate the premises prior to the entry of the judgment but upon his continuing and existing failure and refusal to comply with the judgment order as of the date of his commitment on December 4, 1957.

 A judgment must be given a construction that will support it if this may be done within reason and the accepted rules of construction. (28 Cal.Jur.2d, pp. 712-713; *Williams*

v. *Williams,* 13 Cal.App.2d 433, 434 [56 P.2d 1253].) Certiorari to review an adjudication of contempt was sought in *Lazar* v. *Superior Court,* 16 Cal.2d 617 [107 P.2d 249]. The husband and wife had entered into a property settlement agreement whereby he agreed to pay her $130 a month. The agreement was approved and made part of an interlocutory decree of divorce which specifically provided for said monthly payments but the decree further provided that the wife was not entitled to maintenance, support or alimony. In sustaining the adjudication of contempt the Supreme Court held that the order for the monthly payments was an order for the payment of alimony, support and maintenance and said at page 622: "Nor do we think this conclusion is disturbed by the presence of that paragraph in the decree declaring that 'the plaintiff is not entitled to maintenance, support or alimony, and no award therefor it [sic] made to her.' The only reasonable construction attributable to the latter provision is that the wife 'is not entitled to maintenance, support or alimony' other than that theretofore agreed to by the parties and approved and adopted by the court. Individual clauses or provisions of a judgment, just as in a contract or any other document, are not to be separately considered and construed but, on the contrary, the entire document is to be taken by its four corners and construed as a whole to effectuate the obvious intention. (Citations.)"

�they Construing the judgment herein as a whole to effectuate the obvious intention, it is clear that the court intended that the petitioner be ordered to vacate the family premises. The only reasonable construction attributable to the provision that he do so on or before July 20, 1955, is that the petitioner comply with the order not later than that date and the date having passed when the decree was entered, the order requiring him to vacate the premises must be construed as requiring his removal forthwith. We cannot attribute to the court an intent to render inoperative and void the order requiring defendant to vacate merely by reason of the inclusion therein of the clause that he do so on or before a date which had passed at the time of the entry of the decree. ▮ "No particular part or clause in the judgment is to be seized upon and given the power to destroy the remainder if such effect can be avoided." (*Larrison* v. *Walker,* (Tex.Civ.App.) 149 S.W.2d 172, 178.) In construing the judgment entered herein we must do so based upon the surrounding circumstances. ▮▮ This rule is enunciated in *Ex parte Ambrose,* 72 Cal.

398, at page 401 [14 P. 33], as follows: ''Moreover, the same rules of interpretation apply in ascertaining the meaning of a court order or judgment as in ascertaining the meaning of any other writing, and if the language be in any degree uncertain, we may properly refer to the circumstances surrounding the making of the order or judgment,—to the condition of the cause in which it was entered.'' As previously indicated the court directed at the time of its oral pronouncement of decision that the petitioner vacate the premises on or before a date which was two weeks after the decision and the obvious purpose of the court was to afford the petitioner an opportunity to find living quarters.

 It is clear that the court intended that the petitioner be ordered to vacate the premises. If the judgment as entered was ambiguous due to the insertion of a date for the performance thereof which date was prior to the entry of the judgment, the ambiguity was due to an oversight and inadvertence on the part of the court. For this reason the judgment as entered should be liberally construed with a view of giving effect to the manifest intent of the court. (*Bank of America* v. *Hill*, 9 Cal.2d 495, 502 [71 P.2d 258].) We conclude therefore that the judgment must be construed as a continuing order to vacate, effective forthwith upon the entry of the decree and continuing thereafter, inasmuch as an order continues to speak as long as the cause for making it exists and the thing directed remains unperformed.

The writ is discharged and the petitioner is ordered remanded.

Fox, Acting P. J., concurred.

ASHBURN, J., Dissenting.—I am unable to concur in the majority opinion. Respondent sheriff stands upon a written commitment which is attached to the return. Essentially it supports petitioner's claim that he has been adjudged guilty of contempt for failure to comply with an order made on October 7, 1955, directing him to vacate the family residence on or before July 20, 1955. He argues that it was and is impossible for him to comply and hence the judgment of contempt is void for want of jurisdiction.

The prevailing opinion holds in effect that the commitment and the judgment, the terms of which are therein recited, are to be construed liberally and hence the direction to vacate on or before July 20, 1955, is to be construed as an order to

vacate forthwith, and the phrase "on or before July 20, 1955" disregarded as surplusage. Whatever one may think about the strictness of the prevailing contempt law of this state, the applicable principles have been declared repeatedly by the Supreme Court and we are not free to disregard them. They do not warrant any such holding as that of the majority herein.

The basic rules here applicable are stated in *Hotaling* v. *Superior Court,* 191 Cal. 501, 506 [217 P. 73, 29 A.L.R. 127] : "In reviewing this proceeding, the charge, the evidence, the findings, and the judgment are all to be strictly construed in favor of the accused (*Schwarz* v. *Superior Court, supra* [111 Cal. 106 (43 P. 580)]), and no intendments or presumptions can be indulged in aid of their sufficiency. (*Frowley* v. *Superior Court, supra* [158 Cal. 220 (110 P. 817)].) If the record of the proceedings, reviewed in the light of the foregoing rules, fails to show affirmatively upon its face the existence of all the necessary facts upon which jurisdiction depended, the order must be annulled. (*Frowley* v. *Superior Court, In re McCarty* [154 Cal. 534 (98 P. 540)], and other cases above cited.)" At page 508 the court quoted *Dewey* v. *Superior Court,* 81 Cal. 64 [22 P. 333], as follows: " 'This order we think was clearly in excess of the jurisdiction of the court. It is an order which can only be made upon and in consequence of a conviction for contempt, which "consists in the omission to perform an act which is yet in the power of the person to perform," and which *has been required by the terms of the original order* which the party is charged with having violated. (Code Civ. Proc., § 1219.) The original order or injunction did not require him to perform the act which is by this order enjoined upon him, and for the nonperformance of which it is now ordered that he be imprisoned.' (Italics ours.)

"If, in the Dewey case, a command to remove the dam could not be implied from a decree enjoining the further maintenance thereof, certainly in the instant case a command to transfer the stock on the books to the Union Trust Company is not to be implied from a purely declaratory adjudication that Mrs. Hotaling is the owner and entitled to the possession thereof. That case, which has never been overruled, stands as express authority for the rule that to constitute a constructive contempt of the sort here claimed there must have been an 'omission to perform an act which has been *required* by the terms of the original order.' " While the language

first quoted concerning strict construction of the "charge, the evidence, the findings, and the judgment" doubtless refers to the record made in the contempt proceeding itself, the quotation from page 508 shows that a judgment whose violation is charged as contempt cannot be aided by implications, thus applying to the original judgment or order, as well as the contempt proceeding, the general rule that "no intendments or presumptions can be indulged in aid of their sufficiency." The doctrine is thus phrased in *Raiden* v. *Superior Court*, 34 Cal.2d 83, 86 [206 P.2d 1081] : "Because of the penalties imposed a contempt is criminal in nature and presumptions or intendments may not be indulged in support of the order." Recognitions and applications of the rule are found in an unbroken line of cases, which includes *Freeman* v. *Superior Court*, 44 Cal.2d 533, 536 [282 P.2d 857]; *In re Wells*, 29 Cal.2d 200, 201 [173 P.2d 811]; *Weber* v. *Superior Court*, 26 Cal.2d 144, 148 [156 P.2d 923]; *Wilde* v. *Superior Court*, 53 Cal.App.2d 168, 177-178 [127 P.2d 560]; *Warner* v. *Superior Court*, 126 Cal.App.2d 821, 824 [273 P.2d 89]. The Wells case, *supra*, says at page 201: "In such cases the rule that mere presumptions and intendments are to be indulged in support of ordinary judgments does not apply." In *In re Vallindras*, 35 Cal.2d 594, 596 [220 P.2d 1], petitioner was discharged on habeas corpus[1] from imprisonment for violation of an order which "fixes no amount which Vallindras must pay to purge him from contempt and secure his release," —this because of unfilled blanks in the original order. In the later civil action of *Vallindras* v. *Massachusetts etc. Ins. Co.*, 42 Cal.2d 149, 152 [265 P.2d 907], the court said of the same order: "By examination of the substance of the entire order, including the recitals as above set forth, it is apparent that the act required of Vallindras, the performance of which would end the term of his imprisonment, was intended to be the payment of the sum of $250 which was mentioned in the recitals." This emphasizes the fact that intendments cannot be indulged in favor of the original order, no more than they may be in reference to the judgment of contempt.

The case of *Lazar* v. *Superior Court*, 16 Cal.2d 617, 622 [107 P.2d 249], upon which the majority opinion relies, seems to me not opposed to the foregoing views. What it holds is that a judgment which is alleged to have been violated must receive

---

[1]The question is the same whether the attack upon a contempt judgment is made in habeas corpus or on certiorari. (*Wilde* v. *Superior Court*, *supra*, 53 Cal.App.2d 168, 173.)

a sensible interpretation, is not to have the life construed out of it. But the court was not considering or discussing an elimination of express words of the judgment in aid of a charge of contempt for alleged violation of its terms.

It is firmly settled that inability to comply with a court order is a complete defense to a contempt charge based thereon. (*Ex parte Overend*, 122 Cal. 201, 203-204 [54 P. 740]; *Van Hoosear* v. *Railroad Com.*, 189 Cal. 228, 233 [207 P. 903]; 12 Cal.Jur.2d, § 49, p. 70; 17 C.J.S., § 19, p. 24.) If the Gideon judgment of October 7, 1955, means what it says—that petitioner must vacate the home on or before July 20, 1955, petitioner manifestly could not perform and there could be no contempt. To my mind the cases above cited establish that the words "on or before July 20, 1955" cannot be ignored and that the judgment of contempt is void.

There is also an uncertainty in the record which renders the commitment fatally defective. The charging affidavit and the interlocutory decree are not before us, but the commitment upon which respondent stands recites the basis of the contempt conviction and does so in such a way as to leave uncertain whether petitioner was convicted of a refusal to obey the minute order of July 7, 1955, or the interlocutory decree of October 7, 1955, or whether it was a refusal to vacate as ordered on or before July 20, 1955, or to do so forthwith upon entry of the judgment of October 7, 1955. The text of the commitment is set forth in the margin.[2] The changes in the first recital reflect dubiety as to whether the commitment is based upon violation of a minute order or of the interlocutory

---

[2] (Title of Court and Cause.) "It appearing to the Court that a judgment was entered on the ~~6~~ 7 day of ~~October July~~ October 1955, in Department 31 of the above entitled Court, ordering the defendant, George D. Gideon III, shall vacate to ~~pay to the plaintiff~~ the home and premises ~~per month,~~ located at 7706 Fair Avenue, Sun Valley, Calif. on or before July 20, 1955 and it further appearing that the defendant was present at the time of trial and heard said order pronounced, or that said order was personally served upon said defendant on July 7, 1955, and that he had knowledge of the order, and has had ability to comply with the same, but has willfully refused to do so, and that the same has not been complied with, and the Court having ordered the defendant to appear and show cause on 4 of December, 1957, in Department 8, why he should not be punished for contempt of court in willfully failing to comply with the said order of Court, and the defendant now appearing in court, the Court finds that the defendant has had the ability to comply with the said order of court, but has willfully failed and refused, and still does willfully fail and refuse to comply with the said order of court; Therefore, it is ordered that the said defendant, George D. Gideon III, be and he is now sentenced to 5 five days in the County Jail, commencing forthwith. Dated Dec. 4, 1957. Elmer D. Doyle, Judge."

decree; the judge seems finally to have come to rest upon the judgment of October 7th. However, there is a recital which follows immediately after the date July 20, 1955, to the effect that the defendant was present at the time of trial and heard said order pronounced, or that said order was personally served upon him on July 7, 1955,—all of which can refer only to an oral order or a minute order, for those are the things which occurred, if at all, three months before the judgment. This being a situation in which findings and judgment must be made, the oral pronouncement of the judge was not effective until the interlocutory judgment was signed and filed. (See *Miller* v. *Stein*, 145 Cal.App.2d 381, 384 [302 P.2d 403] ; *Phillips* v. *Phillips*, 41 Cal.2d 869, 874 [264 P.2d 926] : *Neblett* v. *Superior Court*, 86 Cal.App.2d 64, 66 [194 P.2d 22] ; *Cosby* v. *Superior Court*, 110 Cal. 45, 52-53 [42 P. 460] ; *Wutchumna Water Co.* v. *Superior Court*, 215 Cal. 734, 739 [12 P.2d 1033].) Contempt could not be based upon such an order. There is no suggestion in this case that there was any separate minute order covering this specific matter. The recital that petitioner ''has had ability to comply with the same [the order], but has willfully refused to do so'' may mean that he refused to comply with the oral pronouncement or with the interlocutory judgment; it is impossible to know which was intended. The word ''order'' is used throughout, although the first recital refers to a judgment, and this lends color to the thought that the judgment of contempt is really intended to rest upon violation of an unenforceable order made preliminarily to the interlocutory judgment. The finding that petitioner ''still does willfully fail and refuse to comply with the said order of Court'' seems to imply a present refusal to perform the terms of the judgment, but this could be true only upon the assumption that the words ''on or before July 20, 1955'' may be rejected, an assumption heretofore shown not to be permissible. Because of the uncertainties of the commitment the incarceration of petitioner fails to have substantial support.

In my opinion petitioner should be discharged.

Petitioner's application for a hearing by the Supreme Court was denied March 19, 1958. Shenk, J., Schauer, J., and McComb, J., were of the opinion that the application should be granted.