[Civ. No. 1886.    First Appellate District.—February 19, 1917.]

## M. E. MARVIN, Respondent, v. ENG-SKELL COMPANY (a Corporation), Appellant.

DEPOSITION—FAILURE TO ATTACH SEAL OF COURT—AMENDMENT AND ADMISSION IN EVIDENCE.—A deposition of a witness taken out of the state upon a commission which did not have attached to it the seal of the court as required by section 2024 of the Code of Civil Procedure is subject to amendment by affixing the seal thereto, and properly read in evidence, upon a showing that the witness was no longer at the place where the deposition was taken, but somewhere in a foreign country, and that to have the deposition again taken would cause an indefinite delay of the action.

ID.—AMENDMENT OF PROCESS—DUTY OF COURT.—A court has control over its process, and it should permit an amendment to the same in the interests of justice, and especially where the complaining party can show no resulting injury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    Daniel C. Deasy, Judge.

The facts are stated in the opinion of the court.

Wm. J. Hayes, for Appellant.

Louis H. Brownstone, for Respondent.

THE COURT.—This is an appeal by the defendant from a judgment in favor of plaintiff for $494.80, with interest and costs.

The action was brought for the recovery of damages for the breach of a written contract, under the terms of which the defendant agreed to sell and deliver to the plaintiff four reels of block tin pipe, each reel weighing five hundred pounds, at a price of fifty cents per pound, and which contract the defendant refused to carry out.

It appears that the day after the contract was entered into the defendant learned that the market price of block tin pipe had gone up from forty-five cents to sixty-eight cents per pound, which increase in price was due, according to the testimony of the defendant's manager, to the European conflict then and now prevailing.    This witness also testified

that the defendant company was a small dealer in this article of merchandise; that it knew nothing of its sudden rise in price but that the plaintiff did; that when the plaintiff asked the price of such pipe and stated the quantity he required he was advised by the defendant to place the order directly with the Selby Smelting and Lead Company—which was at that time the only wholesale dealer in the commodity in California—and that plaintiff concealed his true reason for not purchasing from that company (which was that he would have to pay sixty-eight cents a pound therefor), and, with the purpose of misleading and deceiving the defendant, represented to defendant that he was not on friendly terms with the Selby Company and did not care to have any personal dealing with it.

Assuming that the evidence introduced by the defendant tended to sustain the allegations of the answer, that the contract was conceived in fraud and is therefore void, still we cannot reverse the judgment, were we ever so inclined, for the simple reason that there is an abundance of evidence in the record sustaining the findings of the court that no misrepresentation was made by the plaintiff to the defendant, and that there was no concealment or fraud practiced by the plaintiff upon the defendant. Furthermore, we are at a loss to see how the court could have made any other finding. The record discloses that on the fifth day of August, 1914, the plaintiff called at the place of business of the defendant and asked for a price on block tin pipe, stating also the quantity he desired. The clerk of the defendant was unable at that time to quote a price, and the plaintiff was requested to call again. He did so that afternoon and again on the next day, when the defendant quoted the price above stated and the agreement in writing was made. The plaintiff denied emphatically that he made any of the misrepresentations referred to. It also appears in the record that block tin was quoted in San Francisco at forty-five cents per pound the day the agreement was made. We conclude, therefore, that this first contention of the appellant is without merit.

Equally so is the point that the defendant in purchasing the block tin from the Selby Company to fill plaintiff's order was acting as the agent of the plaintiff. It is sufficient to

say in this behalf that the evidence does not sustain this contention.

A more serious question is whether or not the court committed error in admitting in evidence the deposition of M. E. Marvin. When the commission to take the deposition was issued it did not have attached to it, as required by section 2024 of the Code of Civil Procedure, the seal of the court; and at the trial the defendant for the first time objected to the deposition, and made a motion to suppress it. The motion not being opposed, it was granted, but later, learning that the witness was not in New York, where he was when the deposition was taken, but was somewhere in South America, and it appearing that to again have his deposition taken would cause an indefinite delay, the plaintiff made a motion to set aside the order suppressing the deposition, and to amend the process of the court by affixing its seal thereto. This motion was granted, and the deposition read in evidence. The granting of this motion is now contended to be error.

We are of the opinion that under the facts the court correctly granted the motion. The court has control over its process, and it should permit an amendment to the same in the interest of justice, especially when, as in this case, the party complaining can show no resulting injury. The authorities sustain this view. In the case of *The Oriental* v. *Barclay,* 16 Tex. Civ. App. 193, [41 S. W. 117, 122], the court, referring to that part of a motion to quash a commission based upon the ground that it did not bear the seal of the court, said: ''The commission having been issued by the clerk of the court trying the case, and the deposition of the witness having been taken under such commission, the failure to place the seal upon the commission was a mere irregularity, which could not have worked an imposition; and it was not error to allow the clerk to place the seal upon the commission and to refuse to quash the deposition upon this ground.'' (See, also, *Austin* v. *Lamar F. Ins. Co.,* 108 Mass. 338; *Goodyear* v. *Vosburgh,* 41 How. Pr. (N. Y.) 421; *Lunskie* v. *Kerr* (Tex. Civ. App.), 34 S. W. 765; *Irvin* v. *Bevil,* 80 Tex. 332, [16 S. W. 21]; *Wallace* v. *Byers,* 14 Tex. Civ. App. 574, [38 S. W. 228]; *Wood* v. *Fleetwood,* 19 Mo. 529; 1 Freeman on Executions, 3d ed., sec. 70.)

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on March 21, 1917, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 19, 1917.