TAGGART *v.* SCOTT.

4-4601

Opinion delivered April 12, 1937.

*Charles W. Mehaffy* and *W. R. Donham,* for appellant.

*Isgrig & Robinson,* for appellee.

HUMPHREYS, J. Appellant brought suit in the circuit court of Pulaski county to recover damages sustained

by her in a collision between her car and appellee's truck at the intersection of Woodlawn and Van Buren streets in Little Rock, Arkansas. She alleged that the driver of appellee's truck was traveling at an excessive rate of speed, without keeping an efficient lookout and without signal or warning of any kind or character, and negligently and carelessly ran said truck into the side of her automobile after she had crossed the street intersection and had the right-of-way, and failed to stop his truck or to slacken the speed thereof to such an extent as to avoid the collision after he discovered plaintiff in a position of peril.

Appellee filed an answer denying the material allegations in appellant's complaint and pleaded as a further defense that appellant was driving her automobile at a high and reckless rate of speed and failed to keep a proper lookout for other persons using the streets and highways, and failing to yield the right-of-way to appellee's truck when, by the rules of the road, it had the right-of-way; and specifically pleading contributory negligence of appellant as a bar to her right to recover in the action.

Appellant introduced testimony tending to support the allegations of her complaint, and appellee introduced testimony tending to support the defenses set up in his answer. In other words, the testimony was in sharp conflict as to which one of them was at fault.

The cause was submitted to a jury on the evidence adduced and the instructions of the court, which resulted in a verdict for appellee and a dismissal of appellant's complaint, from which is this appeal.

Appellant contends for a reversal of the judgment because the court gave six instructions, among others, at the request of appellee, to each of which appellant severally objected and excepted at the time.

The first instruction complained of is instruction number two, which is as follows:

"You are instructed that the defendant cannot be held liable for the result of any act or omission, the result of which could not have been reasonably foreseen or anticipated. And in this case, if you find that the injuries and damage, if any, sustained by the plaintiff could not

have been reasonably anticipated or foreseen, by the use of ordinary care by the defendant, the plaintiff is not entitled to recover."

It is argued that this instruction in effect told the jury that appellant could not recover if it found that the injuries sustained by her in person and to her car could not have been reasonably anticipated or foreseen by appellee's driver. We think, properly construed, the instruction means, and the jury were told, that appellee would not be liable unless injury and damage to appellant or her car could have been, by the exercise of ordinary care, anticipated or foreseen by appellee's driver. This instruction was, in substance, approved by this court in the case of *Presley* v. *Actus Coal Company,* 172 Ark. 498; 289 S. W. 474.

The next instruction complained of is number three, which is as follows:

"The court instructs the jury that if the plaintiff was guilty of any act of negligence alleged by the defendant and shown by the evidence, if any, which contributed to her injury or was guilty of any lack of ordinary care on her part, whether the act be an active one, or an omission to do what she ought to have done under the circumstances, and such lack of care, act or omission, if any, however slight, contributed to the accident and without which the accident would not have occurred, then the plaintiff's contributory negligence, if any, defeats recovery and your verdict must be for the defendant."

It is argued that this instruction did not confine the jury to the testimony in the case in determining whether appellant was guilty of contributory negligence. The instruction required the jury to find from the evidence whether appellant was guilty of any act of negligence and is not subject to the criticism suggested by appellant. Again, it is argued that the instruction was erroneous because it told the jury that negligence, however slight, on the part of appellant would prevent a recovery by her. The law is that it makes no difference how slight the contributory negligence may have been on the part of the appellant, it would defeat a recovery if the injury or damage would not have occurred but for such negligence.

This is exactly what the court told the jury, and, correctly so. This court said in the case of *Little Rock & Ft. Smith Railway Company* v. *Miles,* 40 Ark. 298, 48 Am. Rep. 10, and again in *Hurley* v. *Gus Blass Company,* 191 Ark. 917, 88 S. W. (2d) 850, that "The test of contributory negligence is: did the negligence in any degree produce the injury complained of?" It is also argued that the instruction failed to tell the jury that the burden of proof rested on appellee to prove contributory negligence on the part of appellant. Instruction number four, given at the request of appellee, did this, and it was unnecessary to again instruct the jury to that effect.

The next instruction complained of is number four, which is as follows: "The court instructs the jury that contributory negligence is a good defense, and if it is shown by the preponderance of the evidence that the plaintiff was guilty of negligence which contributed to the injuries the plaintiff cannot recover."

It is admitted that this instruction is a correct declaration of law applicable to the fact, but it is argued that the instruction was fully covered by instruction number three, and that the giving of instruction number four served to unduly emphasize the defense of contributory negligence. The giving of an instruction twice, if correct, could not work a reversal of the judgment because no prejudice could result to either party by a repetition of a correct instruction.

The next instruction complained of is instruction number five, which is as follows:

"You are instructed that the burden of proof is upon the plaintiff to prove her case by a preponderance of the evidence, and if on the whole case the testimony is equally balanced, so that to your mind the proof of plaintiff's case has not outweighed the proof of the defendant, the plaintiff is not entitled to recover."

It is argued that this instruction was misleading in that it required appellant to prove every allegation of her complaint. We think to "prove her case" meant to prove the material allegations of her complaint or each and every allegation in her complaint necessary to re-

cover a judgment. Of course it did not mean that she must prove immaterial and unnecessary allegations of her complaint, and we think no juror would come to such a conclusion.

The next instruction complained of is instruction number six, which is as follows:

"The court instructs the jury that if they believe from the evidence that the injuries, if any, sustained by the plaintiff were a result of a mere accident, that is, without negligence of any one, then your verdict will be for the defendant."

Appellant claimed she was not negligent. Likewise, appellee claimed he was not negligent. If neither was to blame, the collision was necessarily an accident, and it would have been error not to give this instruction. It was so decided in the case of *Morgan* v. *Cockrell*, 173 Ark. 910, 294 S. W. 44.

No error appearing, the judgment is affirmed.

MEHAFFY, J., disqualified and not participating.