[Civ. No. 22693. Second Dist., Div. Two. Dec. 5, 1957.]

MARTIN W. LAWSON, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

*Assigned by Chairman of Judicial Council.

Horrigan and McKnight for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Assistant County Counsel, for Respondent.

RICHARDS, J. pro tem.*—Petition for a writ of prohibition to restrain the respondent court from proceeding further to enforce an order directing petitioner, under penalty of contempt, to appear and give his deposition in a proceeding for the perpetuation of his testimony, and to restrain respondent court from finding petitioner in contempt or punishing him for contempt.

Pursuant to the provisions of section 2084, subdivisions 1

---

*Assigned by Chairman of Judicial Council.

and 3, Code of Civil Procedure, Lina W. Rosenbaum, by Sophia Ryno, her guardian ad litem, the real party in interest and erroneously named herein as a respondent, presented to the respondent court her "Application for Order to Perpetuate Testimony," wherein she sought an order directing the examination of petitioner as provided for in section 2084.1, Code of Civil Procedure.

The application states that the applicant expects to be a party plaintiff in an action to be brought in respondent court and that applicant expects that Martin Lawson, petitioner herein, will be an adverse party in said action.

Petitioner contends that said application is fatally deficient in failing to state, as required by the provisions of said section 2084, subdivision 3, "a general outline of the facts expected to be proved"; and that therefore the application was insufficient to confer jurisdiction on the respondent court to make its order directing his examination and its subsequent order that he appear and give his deposition under penalty of contempt.

Whether said application sets forth "a general outline of the facts expected to be proved" must be gleaned, if at all, from paragraphs III and IV of said application, which read as follows:

"III That said action will involve the following issues: (a) Whether expectant adverse party received various sums of money, directly and through his agents, from your applicant. (b) Whether any consideration was given or received for said sums of money. (c) Whether expectant adverse party holds monies in trust for your applicant. (d) Whether expectant adverse party is indebted to your applicant for money had and received. (e) Whether expectant adverse party perpetuated a fraud upon your applicant either directly or by fraudulently obtaining funds and monies from applicant. (f) Whether expectant adverse party conspired with others to do any of the acts or obtain any of the monies enumerated above. (g) Whether expectant adverse party was guilty of malice or oppression in the doing of any of the acts or obtaining of any of the monies enumerated above.

"IV That the expectant adverse party will be a necessary and material witness for your applicant on the trial of said expected action and that his testimony will be material in the following particulars: That the said MARTIN LAWSON has first hand knowledge concerning the various sums of money

obtained by him and belonging to your applicant, the circumstances surrounding the obtaining of the various sums, the time of obtaining the various sums, and the bailees for applicant from whom said funds were obtained. That he further has knowledge as to the present whereabouts of said funds and disposition thereof, and the persons who are now in receipt of same. He also has first hand knowledge concerning his written admission of the taking of said funds. It is expected that the testimony of the expectant adverse party will prove all of the matters enumerated in paragraph III above.''

It has been repeatedly pointed out that the requirements of an application to perpetuate testimony under section 2084 of the Code of Civil Procedure have been greatly simplified in comparison with the former requirements therefor in a bill under the old equity practice; and that, if the application for the order to allow an examination to perpetuate testimony complies with said section 2084, nothing more is ordinarily required. (*Kutner-Goldstein Co.* v. *Superior Court*, 212 Cal. 341, 345 [298 P. 1001]; *Strauss* v. *Superior Court*, 36 Cal.2d 396 [224 P.2d 726]; *MacLeod* v. *Superior Court*, 115 Cal.App. 2d 180, 184-185 [251 P.2d 728].)

While the application herein is inartificially drawn and is not a model of perfection, it cannot be said that the allegations thereof are so wholly deficient that they fail to state "a general outline of the facts expected to be proved" as required under said section 2084, subdivision 3.

It is alleged in paragraph IV of said application, as hereinbefore set forth, that: "It is expected that the testimony of the expectant adverse party will prove all of the matters enumerated in paragraph III [of the application]." ■ "To prove" means "to establish or make certain; to establish a fact or hypothesis as true by satisfactory and sufficient evidence" (Black's Law Dictionary, third ed.); and, among the matters enumerated in paragraph III of the application (which applicant so alleges it is expected that the testimony of the expectant adverse party will "prove") are whether expectant adverse party received various sums of money from the applicant, whether expectant adverse party holds monies in trust for the applicant, whether expectant adverse party is indebted to the applicant, whether expectant adverse party perpetuated a fraud upon the applicant by fraudulently obtaining funds and monies from the applicant, etc.

■ One of the meanings of the word "whether" is "if it be true" (Webster's New International Dictionary, second

ed.), and, as previously pointed out, the word "prove" means "to establish a fact . . . as true." If the allegation "It is expected that the testimony of the expectant adverse party will prove all of the matters enumerated in paragraph III" is to be given any meaning, said allegation can only mean that it is expected that said testimony will prove that it is true that the expectant adverse party received various sums of money from the applicant, that the expectant adverse party holds monies in trust for the applicant, that the expectant adverse party is indebted to the applicant, etc. ██ Although imperfectly stated, we conclude that the allegations of the application construed together as a whole sufficiently state "a general outline of the facts expected to be proved"; namely, that the intended witness received various sums of money from applicant, that the intended witness holds monies in trust for applicant, that the intended witness is indebted to applicant, etc.

██ The rule of liberal construction of proceedings such as the perpetuation of testimony is well-established. In *Union Trust Co.* v. *Superior Court*, 11 Cal.2d 449, it is said at page 462 [81 P.2d 150, 118 A.L.R. 259]: "That the trend of judicial decisions is to relax the rules which relate to the taking of evidence by ancillary proceedings, of which the inspection of documents is one method, to the end that the trial of actions may be expedited and justice be more efficaciously and speedily administered, is reflected in many modern decisions, some of which are here noted." In the same opinion the court, at pages 462-463, quotes with approval from *Main* v. *Ring*, 219 Iowa 1270 [260 N.W. 859], as follows: " '. . . in the consideration of the question (of jurisdiction of the court to make the order) . . . a broad and liberal construction of the pleadings must be adopted and all allegations of the petition must be considered.' "

██ Petitioner additionally contends that the order allowing the examination failed to prescribe "the time and manner of giving notice" as required by the provisions of section 2084.1 of the Code of Civil Procedure; and that, by reason thereof, the said order was and is, and all subsequent proceedings predicated thereon were and are, in excess of jurisdiction and void. It appears however that petitioner was in fact served with subpoena commanding him to appear and give his deposition; that he appeared at said time and place so fixed for the taking of his deposition; and that, on said

occasion, he was duly instructed to return on a designated date to which the taking of his deposition was continued, but that thereafter he failed and refused to appear and to give his deposition. Having been so notified to appear and having appeared at the time originally fixed for the taking of his deposition, petitioner cannot now be heard to complain of the insufficiency of the order as to the time and manner of giving notice. (*De Luca* v. *Board of Supervisors,* 134 Cal. App.2d 606, 609-610 [286 P.2d 395].)

Petitioner finally contends that the order allowing the examination failed to designate ''the clerk of the county to whom the deposition must be returned when taken'' as also required by the provisions of section 2084.1 of the Code of Civil Procedure; and that, by reason thereof, the said order was and is in excess of jurisdiction and void. ■ Where a court has no jurisdiction to act except in a particular manner, it may be restrained by prohibition from acting in a different, unauthorized manner or may be compelled by mandate to act in a particular manner. (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280 [109 P.2d 942]; *Rescue Army* v. *Municipal Court,* 28 Cal.2d 460 [171 P.2d 8].) However, the rule enunciated in the cited cases cannot reasonably be understood as holding that every detailed provision of a given statute is a jurisdictional rather than a procedural requirement. ■ Accordingly where the statute as herein invested the court with jurisdiction to make an order allowing the examination upon the presentation to it of an application complying with the requirements of said section 2084, the further detailed provisions of said statute, such as the requirement that said order designate the clerk of the county to whom the deposition must be returned when taken, are purely procedural requirements rather than jurisdictional requirements; and prohibition will not lie upon a mere showing of procedural error. Illustrative of this is *Harrington* v. *Superior Court,* 194 Cal. 185 [228 P. 15], wherein a writ of prohibition was sought to restrain the superior court from proceeding in an action in eminent domain in which the petitioner had voluntarily appeared. The asserted lack of jurisdiction was predicated upon the failure to issue a summons upon the filing of the complaint as required by section 1243 of the Code of Civil Procedure. It was held that the trial court acquired jurisdiction of the subject matter by the filing of the complaint and of the person by the appearance of the petitioner and that the failure to issue the summons was not a jurisdic-

tional defect. ██ In the instant matter, the omission in the order of a designation of the clerk of the county to whom the deposition should be returned was subject to correction by amendment and the petitioner herein can show no resulting injury from such omission. In *Marvin* v. *Eng-Skell Co.*, 33 Cal.App. 42 [164 P. 332], it appears that the commission to take a deposition was issued without the seal of the court as provided by section 2024 of the Code of Civil Procedure. The deposition was taken and thereafter a motion was granted to amend the commission by affixing the omitted seal. This was held not to be error and at page 44 the court said: "The court has control over its process, and it should permit an amendment to the same in the interest of justice, especially when, as in this case, the party complaining can show no resulting injury."

██ In this proceeding one of the judges of the respondent court was named as a party respondent. Where the writ seeks to review, prohibit or compel action by a tribunal, the respondent is the tribunal as such, and not the judge as a person. We have accordingly omitted his name from the title on this opinion and the petition as to the judge named is dismissed. (*Alexander* v. *Superior Court*, 91 Cal.App. 312 [266 P. 993] ; *Neblett* v. *Superior Court*, 86 Cal.App.2d 64 [194 P.2d 22].)

The peremptory writ is denied and the alternative writ is discharged.

Fox, Acting P. J., and Ashburn, J., concurred.