**GREENWICH COLLIERIES, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States Department of Labor, and Andrew Ondecko, Respondents.**

No. 92–3270.

United States Court of Appeals, Third Circuit.

Argued Jan. 12, 1993.

Decided March 23, 1993.

---

[*] The Hon. Milton Pollack, United States District Judge for the Southern District of New York, sitting by designation.

John J. Bagnato (argued), Spence, Custer, Saylor, Wolfe & Rose, Johnstown, PA, for petitioner.

C. William Mangum (argued), U.S. Department of Labor, Washington, DC, for Director, Office of Workers' Compensation Programs.

Margarete E. Pawlowski (argued), Bolger, Picker, Hankin & Tannenbaum, Philadelphia, PA, David J. Tulowitzki, Daneil G. Walter, Pawlowski, Tulowitzki, Bilonick & Walter, Edensburg, PA, for Andrew Ondecko.

Before: HUTCHINSON, SCIRICA, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge.

This petition for review of a decision of the Director, Office of Workers' Compensation Programs, presents a novel question in this circuit relating to the claimant's burden of proof in a black lung benefit case. Andrew Ondecko, the claimant, filed an application for benefits with the United States Department of Labor pursuant to the Black Lung Benefits Act, 30 U.S.C. §§ 901–45 (1982) (the Act). Ondecko claimed total disability due to pneumoconiosis contracted through coal mine exposure, and further, that this condition precluded

him from performing his regular or comparable work.

The employer, Greenwich Collieries, strongly contested the claim. The Administrative Law Judge (ALJ) found that the copious conflicting medical evidence created a "true doubt" as to the presence of pneumoconiosis, and she utilized the true doubt rule to resolve that doubt in favor of the claimant. The ALJ then found a causal relationship between Ondecko's condition and his tenure in mine employment on the basis of the presumption triggered by the ALJ's finding of pneumoconiosis and Ondecko's 31 years of service in coal mines. See 20 C.F.R. § 718.203 (1992). Finally, the ALJ concluded, despite the testimony of a pulmonary specialist that Ondecko was not disabled, that there was a true doubt as to whether Ondecko was totally disabled, and she again resolved this doubt in favor of the claimant.

Greenwich appealed the ALJ's Decision to the Benefits Review Board (the Board), arguing, inter alia, that the Administrative Procedure Act (the APA), 5 U.S.C. sections 551–59, 701–06 (1988), requires that a claimant prove the existence of pneumoconiosis and total disability by a preponderance of the evidence, thus precluding use of the true doubt rule in cases under the Act. The Board affirmed the ALJ's decision, and Greenwich thereafter timely appealed to this court.[1] We vacate the Board's decision and remand.

## I. THE FACTS

Ondecko worked for approximately 31 years in coal mine employment. He was most recently employed by Greenwich Collieries as a pipe man in a coal mine where he worked underground fixing and replacing pipe for five to six years.

After considering Ondecko's application for benefits, the Department issued a Preliminary Determination of Non-entitlement, finding that he did not suffer from a disease or disability. Pursuant to Ondecko's

---

1. This court exercises jurisdiction over a final order of the Board pursuant to section 21(c) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 921(c) (1988), as incorporated by section 422(a) of the Black Lung Benefits Act, 30 U.S.C. § 932(a) (1988).

request, the ALJ held a hearing, and she subsequently issued a Decision and Order awarding benefits to the claimant.

In reaching her decision, the ALJ found that the copious conflicting medical evidence and testimony created a true doubt as to whether Ondecko suffered from pneumoconiosis and whether that condition rendered him totally disabled. In other words, the evidence as to these ultimate facts was equally probative and therefore in equipoise. She thereupon awarded Ondecko benefits by resorting to the true doubt rule, i.e., she resolved the doubt over the presence or absence of pneumoconiosis and disability in favor of the claimant. Thus, it is unclear whether the ALJ ever considered whether the claimant had proved his entitlement to benefits by a preponderance of the evidence.

## II. DISCUSSION

Our review of the propriety of the ALJ's use of the true doubt rule, a question of legal interpretation, is plenary. *See, e.g., Carozza v. United States Steel Corp.*, 727 F.2d 74, 77 (3d Cir.1984).

Disability benefits are payable to a miner if (a) he or she is totally disabled, (b) the disability was caused, at least in part, by pneumoconiosis, and (c) the disability arose out of coal mine employment. All three of these conditions of eligibility are presumed if the claimant was engaged in coal mine employment for at least 10 years and if the claimant meets one of the four medical requirements: (1) a chest X ray establishes the presence of pneumoconiosis ....

*Mullins Coal Co. v. Director, OWCP, U.S. Dep't of Labor*, 484 U.S. 135, 141, 108 S.Ct. 427, 431, 98 L.Ed.2d 450 (1987) (footnote omitted); *see also* 20 C.F.R. § 718.303–05 (1992).

The ALJ utilized the true doubt rule to find that Ondecko does in fact suffer from pneumoconiosis and is totally disabled. The true doubt rule is a tool adopted by several courts to evaluate the evidence on the record as a whole:

"[T]he factfinder operates under the statutory policy that all doubtful fact questions are to be resolved in favor of the injured employee because the intent of the statute is to place the burden of possible error on those best able to bear it." *Noble Drilling Co. v. Drake*, 795 F.2d 478, 481 (5th Cir.1986). In effect, the statute eases the ordinary preponderance of the evidence standard applicable in most civil suits. *Id.*

*Avondale Shipyards, Inc. v. Kennel*, 914 F.2d 88, 90–91 (5th Cir.1990); *see also Fidelity & Casualty Co. v. Burris*, 59 F.2d 1042, 1044 (D.C.Cir.1932) ("Where there is doubt, it should be resolved in favor of the injured employee or his dependent family."); *Parsons Corp. of Cal. v. Director, OWCP, U.S. Dep't of Labor*, 619 F.2d 38, 41 (9th Cir.1980); *Bath Iron Works Corp. v. White*, 584 F.2d 569 (1st Cir.1978).[2]

The premise underlying the true doubt rule, originally put forth in *Burris*, is that compensatory statutes such as the Act should provide indemnity in cases of faultless injury at the worksite and therefore should be interpreted liberally in favor of the claimant. *Burris*, 59 F.2d at 1044. "Accidents in industry are inevitable, and the enactment of compensation laws grew out of a general recognition of a duty by society to an injured employee to secure him protection." *Id.*

Thus, the true doubt rule has become a shorthand and convenient method utilized by some courts and administrative agencies to allocate the ultimate burden of persuasion, i.e., the risk of non-persuasion, to the employer because it is the party best able to bear that risk.

Greenwich Collieries vigorously maintains that an ALJ may not resolve evidentiary conflicts in a claimant's favor when the evidence for and against entitlement under the Black Lung Benefits Act is found to be equally probative.

**2.** Most of the cases cited above regarding the evolution of the true doubt rule involve the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. §§ 901–50 (1988), rather than the Black Lung Benefits Act. *See supra* note 1.

## A. The ALJ's use of the true doubt rule to find pneumoconiosis was improper according to Supreme Court precedent.

█ Pursuant to regulations under the Act, there are four bases for determining the existence of pneumoconiosis in a living claimant. 20 C.F.R. § 718.202. The first basis, which is the one utilized by the ALJ in the case *sub judice*, requires a claimant to produce a qualifying X ray which establishes the presence of pneumoconiosis. 20 C.F.R. §§ 718.202(a)(1), 718.102.

The Supreme Court has decided that the X ray produced by the claimant may not merely "constitute evidence" of pneumoconiosis, but must show the presence of pneumoconiosis by a preponderance of the evidence. *Mullins*, 484 U.S. at 138, 147–52, 108 S.Ct. at 429, 433–37; *Freeman United Coal Mining Co. v. OWCP*, 988 F.2d 706, 709 (7th Cir. 1993).[3]

Therefore, in this case, *Mullins* mandates that Ondecko's X ray must prove the existence of pneumoconiosis by a preponderance of the evidence. However, medical experts disagreed as to whether Ondecko's X ray established the presence of pneumoconiosis. The ALJ could not resolve this disagreement and found that there was true doubt as to whether Ondecko actually suffered from the ailment. Therefore, the ALJ did not find that Ondecko's X ray proved the existence of pneumoconiosis by a preponderance of the evidence; rather, she merely found the X ray and the accompanying medical readings created evidentiary equipoise as to the existence of pneumoconiosis. She then applied the true doubt rule to find in favor of Ondecko.

As discussed more thoroughly below, a preponderance of the evidence is defined as:

> Evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is evidence which as a whole shows that the fact sought to be proved is more probable than not.

*Black's Law Dictionary* 1182 (6th ed. 1990). The ALJ in this case found in favor of Ondecko, despite the fact that it was no more likely than not that he suffered from pneumoconiosis, in contravention of *Mullins*.

## B. The true doubt rule generally contravenes the regulations under the Act and the APA.

As discussed, *Mullins* precludes the ALJ's use of the true doubt rule to find the ultimate fact of the presence of pneumoconiosis pursuant to 20 C.F.R. section 718.-202(a)(1). Further, if the presence of pneumoconiosis is not proved by a preponderance of the evidence, the presumption of causality upon which the ALJ relied in this case is improper, regardless of the length of the claimant's coal mine employment. These conclusions are sufficient to dispose of the present case. However, this section is necessary to show why the ALJ's use of the true doubt rule to find total disability was improper and also generally to explain why the use of the true doubt rule is not allowed in any case under the Act, whether or not a presumption is involved.

### 1. The claimant bears the ultimate burden of persuasion.

█ Traditionally, under our system of jurisprudence, both in the criminal and civil law, the ultimate burden of persuasion is placed on the accuser or claimant. *See generally* Vaughn C. Ball et al., *McCormick's Handbook on the Law of Evidence* § 337 (Edward W. Cleary ed., 2d ed. 1972). In criminal cases, those accused of crimes are presumed to be innocent unless proven guilty beyond a reasonable doubt. In most civil cases when a party bears the burden of persuading the factfinder that the existence of a fact is more likely than not, if the factfinder cannot resolve the doubt regarding the existence of that fact, it must find in favor of the party who does not

---

3. The *Freeman* court went on to uphold the ALJ's use of the true doubt rule in that case. As discussed in detail, *infra*, we believe that this conclusion cannot follow. If a claimant must produce an X ray which proves the presence of pneumoconiosis by a preponderance of the evidence, then use of the true doubt rule is improper because it allows the claimant to prevail despite having failed to meet this burden.

bear the burden of persuasion. It cannot be gainsaid that "[h]eed must be given to the burden of proof, at least when other tests are lacking." *Shapleigh v. Mier,* 299 U.S. 468, 475, 57 S.Ct. 261, 264, 81 L.Ed. 355 (1937) (Cardozo, J.). This fundamental principle is embodied in the Act, its regulations, and in Supreme Court precedent.

Black lung disability claims filed after March 31, 1980, are evaluated under the criteria established by section 718 of the permanent black lung regulations. *See Mullins,* 484 U.S. at 139, 108 S.Ct. at 429–30; *Director, OWCP, U.S. Dep't of Labor v. Mangifest,* 826 F.2d 1318, 1320–21 (3d Cir.1987). Section 718 states in pertinent part:

> The burden of proving a fact alleged in connection with any provision of this part shall rest with the party making such allegations.

20 C.F.R. § 718.403 (1992).

The employer in this case contends that this language allocates the ultimate burden of persuasion to the claimant. *See Mangifest,* 826 F.2d at 1320 (miner must prove pneumoconiosis and total disability); *accord Robinson v. Pickands Mather & Co./Leslie Coal Co.,* 914 F.2d 35, 36 (4th Cir.1990); *Lollar v. Alabama By-Products Corp.,* 893 F.2d 1258, 1262 (11th Cir.1990). The claimant argues, however, that section 718 merely allocates the burden of coming forward with evidence to the claimant, and that the ultimate burden of persuasion rests with the employer. Therefore, contends Ondecko, the claimant sustains his burden upon establishing a *prima facie* case of his claims; it is the employer who must then prove non-entitlement by a preponderance of the evidence.

To bolster this argument, Ondecko points to the Supreme Court's decision in *N.L.R.B. v. Transportation Management Corp.,* 462 U.S. 393, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983). In that case, the Supreme Court stated that APA section 7(c)'s statement that the claimant bears the burden of proof "determines only the burden of going forward, not the burden of persuasion." *Transportation Management,* 462

U.S. at 403–04 n. 7, 103 S.Ct. at 2475–76 n. 7.

Ondecko's reliance on *Transportation Management,* however, is misplaced. Unfortunately, the etymology of the phrase "burden of proof" is such that the phrase can be used to mean solely the burden of persuasion, solely the burden of production, or both. *See, e.g., Northwestern Elec. Co. v. Federal Power Comm'n,* 134 F.2d 740, 743 (9th Cir.1943); *Ambrose v. Wheatley,* 321 F.Supp. 1220, 1222 (D.Del. 1971); Vaughn C. Ball et al., *McCormick's Handbook on the Law of Evidence* § 336 (Edward W. Cleary ed., 2d ed. 1972). As recognized over 150 years ago, "[o]ne-half of the doubts in life arise from the defects of language." *Gibbons v. Ogden,* 22 U.S. (9 Wheat) 1, 232, 6 L.Ed. 23 (1824). Courts often must clarify the sequent confusion arising from the triad of meanings which can be ascribed to the phrase "burden of proof," as evinced by the Supreme Court's pronouncement pertaining to section 7(c) of the APA in *Transportation Management.*

However, the verb "prove," as used in section 718, is not subject to the same ambiguity as the phrase "burden of proof," as used in section 7(c) of the APA. When one must *prove* a given fact or issue, that person carries the *burden of persuasion* on that issue. "We think 'to prove her case' meant to prove the material allegation of her complaint, or each and every allegation in her complaint necessary to recover a judgment." *Taggert v. Scott,* 193 Ark. 930, 104 S.W.2d 816, 818 (1937). "To prove" means "to establish or make certain; to establish a fact or hypothesis as true by satisfactory and sufficient evidence." *Lawson v. Superior Court,* 155 Cal.App.2d 755, 318 P.2d 812, 814 (1957); *accord Texas & New Orleans R.R. Co. v. Flowers,* 336 S.W.2d 907, 913–14 (1960); *Black's Law Dictionary* 1224 (6th ed. 1990).

The burden of persuasion is similarly defined as "the necessity of establishing a fact," in contrast to the burden of production, which is defined as "the necessity of making a *prima facie* showing." *Chesapeake & Potomac Tel. Co. v. Hicks,* 25

Md.App. 503, 337 A.2d 744, 756 (1975). Therefore the burden of production requires a party to *produce* evidence regarding a fact; the burden of persuasion requires a party to *prove* a fact. *See Hicks v. Feiock,* 485 U.S. 624, 637, 108 S.Ct. 1423, 1432, 99 L.Ed.2d 721 (1988) (emphasis supplied) (Supreme Court stated that a statute which required a criminal defendant to carry the *burden of persuasion* would be unconstitutional because it would "undercut the State's burden to *prove* guilt beyond a reasonable doubt."); *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 257–58, 101 S.Ct. 1089, 1095–96, 67 L.Ed.2d 207 (1981) (Burden of production requires party to articulate a reason for his actions while *burden of persuasion* requires a party to *prove* such reasons); *United States v. Liotard,* 817 F.2d 1074, 1077 (3d Cir.1987), cited with approval in *United States v. Garcia,* 919 F.2d 881, 886 (3d Cir.1990) (Government bears the *burden of persuasion* and therefore must *prove* its case by a preponderance of the evidence).

It is therefore of moment that section 718.403 does not contain the phrase "burden of proof." Rather, as stated above, that section states that "the burden of *proving* a fact alleged" rests with the claimant. 20 C.F.R. § 718.403 (1992) (emphasis supplied). Hence, although the meaning of the phrase "burden of proof" is subject to question, when a regulation provides that the claimant must *prove* the facts he alleges, and one of the facts he alleges is the existence of pneumoconiosis, the claimant then bears the ultimate burden of persuasion regarding that fact. *See e.g., Mangifest,* 826 F.2d at 1320 (emphasis supplied) ("Under Part 718, the miner must *prove* that he has pneumoconiosis ... and that he is totally disabled."). Thus, section 718 requires that the claimant prove pneumoconiosis, which means that he must establish the existence in fact of pneumoconiosis and therefore bears the burden of persuasion on that issue.[4]

We do not discount the humanitarian purposes of the Act. The legislature accomplished a significant objective in this regard, however, when it gave the claimant who meets certain criteria the benefit of a triple presumption of 1) the existence of pneumoconiosis, 2) that the pneumoconiosis resulted from coal mine employment, and 3) that the pneumoconiosis caused total disability. "But if a miner is not actually suffering from the type of ailment with which Congress was concerned, there is no justification for presuming that the miner is entitled to benefits." *Mullins,* 484 U.S. at 158, 108 S.Ct. at 439–40.

Although we recognize that the Act should be construed liberally, that does not empower us to rewrite the provisions of the Act and its regulations requiring the claimant to prove the material allegations of his complaint. The reasoning of the court in *Pillsbury v. United Engineering Co.* is equally applicable to the case *sub judice:*

> We are aware that [the statute] is a humanitarian Act, and that it should be construed liberally to effectuate its purposes; but that does not give us the power to rewrite the statute of limitations at will, and make what was intended to be a limitation no limitation at all.

342 U.S. 197, 200, 72 S.Ct. 223, 225, 96 L.Ed. 225 (1951).

2. *The APA and the Supreme Court have defined the burden of persuasion as preponderance of the evidence.*

■ Section 422(a) of the Black Lung Benefits Act, 30 U.S.C. § 932(a), incorporates Section 19(d) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 919(d), which in turn requires that any hearing under the Longshore Act be conducted in accordance with the provisions of 5 U.S.C. section 554 of the APA. 20 C.F.R. § 725.452(a) (1992). This Court has acknowledged:

> The requirements of the Administrative Procedure Act (APA) are made applicable to the department of Labor Black Lung Adjudications by the Longshore-

---

4. Because the Act's regulations place the burden of persuasion upon the claimant, we need not address the issue of whether section 7(c) of the

APA, 5 U.S.C. § 556(d), similarly allocates that burden to the claimant.

men's [sic] and Harbor Workers' Compensation Act. 33 U.S.C. § 919(d) (1982) as incorporated by 30 U.S.C. § 932(a) (1982).

*North Am. Coal Co. v. Miller,* 870 F.2d 948, 951 (3d Cir.1989).

Section 7(c) of the APA provides in pertinent part:

> Except as otherwise provided by statute, the proponent of a rule or order has the burden of proof.... A sanction may not be imposed or rule or order issued except on consideration of the whole record or those parts thereof cited by a party and supported by and in accordance with the reliable, probative, and substantial evidence.

5 U.S.C. § 556(d).

In 1981, the Supreme Court stated that "[t]he language of [section 7(c) of the APA] itself implies the enactment of a standard of proof, and that standard of proof is the preponderance of the evidence standard." *Steadman v. SEC,* 450 U.S. 91, 98, 102, 101 S.Ct. 999, 1006, 1008, 67 L.Ed.2d 69 (1981). Therefore, unless superseded by an express statutory provision,[5] the APA requires that the party who bears the ultimate burden of persuasion prove his case by a preponderance of the evidence.

3. *The true doubt rule impermissibly allows a claimant to prevail despite having failed to sustain his burden of persuasion by a preponderance of the evidence.*

■ A preponderance of the evidence is defined as:

> Evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is evidence which as a whole shows that the fact sought to be proved is more probable than not.

*Black's Law Dictionary* 1182 (6th ed. 1990). Moreover, this court has recognized:

> [The fact-finder] must at least be convinced that the evidence considered as a whole, its "preponderance" to use the traditional term, indicates that the facts asserted by the plaintiff are probably true.... *[I]f in their minds the probabilities of those facts being true or false appear equal the plaintiff has not met his burden of proof and a finding for the plaintiff would be inconsistent with the [fact finder's] duty to render a true verdict.*

*Burch v. Reading Co.,* 240 F.2d 574, 579 (3d Cir.1957) (emphasis added), *cert. denied,* 353 U.S. 965, 77 S.Ct. 1049, 1 L.Ed.2d 914 (1957); *accord Tigg Corp. v. Dow Corning Corp.,* 962 F.2d 1119, 1124 (3d Cir.1992). Thus, a party proves a fact by a preponderance of the evidence when he proves that the fact's existence is more likely than not.

The true doubt rule, in contrast, is applicable only when the evidence on both sides of the issue is "equally probative."[6] Allowing a claimant, who bears the ultimate burden of persuasion, to prevail when the evidence is in equipoise is tantamount to allowing that claimant to prevail despite having failed to carry his burden by a preponderance of the evidence. As the Fifth Circuit has aptly and, for purposes of this case fatally, observed, "In effect, the [true doubt rule] eases the ordinary preponderance of the evidence standard applicable in most civil suits." *Avondale Shipyards, Inc. v. Kennel,* 914 F.2d 88 (5th Cir.1990).

However, as discussed above, the APA does not allow such an alleviation of the claimant's burden of persuasion. Hence, the use of the true doubt rule in cases

---

5. Section 12 of the APA, 5 U.S.C. § 559, allows for its authority to be superseded by express provisions in statutes. However, Greenwich is correct in stating that none of the following amount to an express statutory provision having the authority to supersede the APA on the issue of the degree of evidence which will satisfy the burden of persuasion: the legislative history to the Act, which clearly enunciates its humanitarian and remedial purpose, longstanding use of the true doubt rule by the Board, judicial accep-

tance of the true doubt rule, or congressional acquiescence.

6. In *Provance v. United States Steel Corp.,* the Board determined that the claimant was not eligible to have the true doubt rule applied to his case because his evidence was not "equally probative" to that offered in opposition to his claim. *Provance v. United States Steel Corp.,* 1 Black Lung Rep. (MB) 1–483, 486 (1978).

under the Act contravenes the APA as interpreted by the Supreme Court of the United States.

Therefore, Ondecko was required to prove by a preponderance of the evidence that he was entitled to benefits under the Act. The ALJ found that the evidence was in equipoise on the issues of pneumoconiosis and total disability, which, by definition, means that Ondecko did not carry his burden of proof by a preponderance of the evidence on these issues. The finding in his favor therefore was erroneous.

## III. CONCLUSION

In sum, we hold that the use of the true doubt rule in the case *sub judice* contravenes *Mullins* because, in order to make use of the presumption involved in this case, a claimant's X ray must prove pneumoconiosis by a preponderance of the evidence. Moreover, the true doubt rule is contrary to Supreme Court precedent, the regulations under the Act, and the APA because (1) the claimant bears the ultimate burden of persuasion on the ultimate facts entitling him to benefits under the Act; (2) the APA and the Supreme Court have defined the ultimate burden of persuasion as a preponderance of the evidence; and (3) the true doubt rule would allow a claimant to prevail despite failing to prove entitlement by a preponderance of the evidence. Because there is no express provision in the Act which overrides the APA, the claimant must prove the existence of pneumoconiosis and total disability by a preponderance of the evidence.

It is not clear, however, whether the ALJ ever considered whether the claimant's evidence satisfied the preponderance standard. It appears that upon reaching what she believed to be the point of equipoise, and believing the true doubt rule to be applicable, the ALJ may have halted her inquiry short of deciding whether Ondecko's evidence preponderated. We will therefore vacate the ALJ's Order and remand for further proceedings to allow the ALJ to make this determination. If the ALJ again concludes that the evidence is in equipoise, then Greenwich must prevail.

Accordingly, the decision and order of the Benefits Review Board will be vacated and the case remanded for further proceedings consistent with this opinion.