23 F.3d 402
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Claude F. RATLIFF, Petitioner,
v.
JEWELL RIDGE COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 93-2066.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 12, 1994.
Decided May 20, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (91-0472-BLA)
 Claude F. Ratliff, petitioner pro se.
 Michael Francis Blair, Penn, Stuart, Eskridge & Jones, Abingdon, VA; J. Matthew McCracken, Barbara J. Johnson, United States Department of Labor, Washington, DC, for respondents.
 Ben.Rev.Bd.
 REVERSED AND REMANDED.
 Before HALL, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Claude Ratliff, a former coal miner, appeals from a decision of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) decision to deny his application for black lung benefits. Ratliff, as well as the Director, Office of Workers' Compensation Programs (Director), urges this court to reverse the Board's decision and award benefits to Ratliff. The ALJ found the evidence of record sufficient to invoke the interim presumption of entitlement under 20 C.F.R. Sec. 727.203(a)(1) (1993), but also sufficient to rebut that presumption pursuant to Sec. 727.203(b)(3). The Board did not make specific findings regarding the propriety of the ALJ's invocation finding, holding that any errors committed on invocation were harmless since the ALJ properly found rebuttal established.
 
 
 2
 We have held that the party opposing entitlement to black lung benefits may rebut the presumption of entitlement pursuant to Sec. 727.203(b)(3) through evidence which "rules out" any causal connection between the miner's coal mine employment and his disability. See Thorn v. Itmann Coal Co., 3 F.3d 713, 718 (4th Cir.1993); Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 123 (4th Cir.1984). In this case, the Board found that the ALJ properly relied upon the medical opinions of Drs. Byers and Schmidt in finding subsection (b)(3) rebuttal established. We, however, find these reports insufficient to establish rebuttal under the standards of Thorn and Massey.
 
 
 3
 Initially, we agree with the Director that Dr. Byers's report, which found that Ratliff's respiratory problems were not attributable to his coal mine employment, is insufficient to disprove any connection between total disability and coal mine employment, because Dr. Byers's view was tainted by his assumption, which was contrary to the finding of the ALJ, that the miner did not have pneumoconiosis. Numerous courts have held that a physician who finds the absence of respiratory disease despite the ALJ's finding that the disease exists cannot render a credible opinion that the disease did not contribute to the miner's disability. See Tussey v. Island Creek Coal Co., 982 F.2d 1036, 1042 (6th Cir.1993); Peabody Coal Co. v. Shonk, 906 F.2d 264, 271 (7th Cir.1990); Garcia v. Director, Office of Workers' Compensation Programs, 869 F.2d 1413, 1417 (10th Cir.1989).
 
 
 4
 Dr. Schmidt's reports merely opine that while the miner is totally disabled, his respiratory problems are not totally disabling. These reports fail to directly address whether coal mine employment may be ruled out as a contributor to the miner's total disability. Because they do not address the relevant question, these reports are also insufficient to establish rebuttal pursuant to subsection (b)(3). See Thorn, 3 F.3d at 719.
 
 
 5
 Since there is no other medical evidence of record tending to support a finding of rebuttal, we reverse the Board's finding of rebuttal pursuant to subsection (b)(3). We further find, however, that the entry of an award of benefits on Ratliff's behalf at this time would be premature, because the Board has not addressed the propriety of the ALJ's finding of invocation. The ALJ twice considered this claim. In his first decision, he found invocation under subsection (a)(1) based on Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986), which found invocation mandated by the presence of a single positive X-ray. This decision was overruled in Mullins Coal Co. v. Director, Office of Workers' Compensation Programs, 484 U.S. 135 (1987), which found that invocation must be established by a preponderance of the evidence.
 
 
 6
 As we alluded to earlier, the Board found that any error committed by the ALJ in finding invocation was harmless in light of his proper rebuttal finding. The ALJ did weigh the X-ray evidence on remand pursuant to the Board's instructions that he consider Ratliff's possible entitlement under 20 C.F.R. Sec. 410.490 (1993) pursuant to Taylor v. Clinchfield Coal Co., 895 F.2d 178 (4th Cir.1990), and found invocation established pursuant to the "true doubt" rule. See Adkins v. Director, Office of Workers' Compensation Programs, 958 F.2d 49, 52 n. 4 (4th Cir.1992). Subsequent to the ALJ's decision, however, the Supreme Court determined in Pauley v. Bethenergy Mines, Inc., 59 U.S.L.W. 4778 (1991) that a claimant whose entitlement has been considered under Part 727 is not also entitled to review of his claim under Sec. 410.490. Thus, the Board never reviewed the propriety of the ALJ's weighing of the X-ray evidence.
 
 
 7
 In any event, because the ALJ relied upon the true doubt rule in finding invocation, review of the propriety of his findings will be informed by the Supreme Court's pending consideration of the validity of the true doubt rule in Director, Office of Workers' Compensation Programs v. Greenwich Collieries, 990 F.2d 730 (3d Cir.1993), cert. granted, 62 U.S.L.W. 3470 (U.S.1994).
 
 
 8
 Accordingly, we reverse the Board and ALJ's findings of rebuttal, but remand for consideration of the ALJ's invocation finding consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 REVERSED AND REMANDED