73 F.3d 358
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 John E. LEMASTER, Petitioner,
v.
IMPERIAL COLLIERY COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 94-2657.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 1, 1995.
Decided Dec. 28, 1995.
 
 ARGUED: Douglas Allan Smoot, JACKSON & KELLY, Charleston, West Virginia, for Imperial Colliery. Eileen Mary McCarthy, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Director. ON BRIEF: Robert G. Miller, Jr., PERRY & PRESTON, Paintsville, Kentucky, for LeMaster. Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor, Christian P. Barber, Counsel for Appellate Litigation, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Director.
 Before MURNAGHAN and MOTZ, Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 John LeMaster petitions for review of an order of the Benefits Review Board (Board) reversing the administrative law judge's (ALJ) award of black lung benefits. We vacate and remand with instructions.
 
 I.
 
 2
 The ALJ, evaluating LeMaster's claim under 20 C.F.R. Part 727 (1995) of the applicable regulations, found that LeMaster invoked the presumption of entitlement on the basis of X-ray evidence. See 20 C.F.R. Sec. 727.203(a)(1) (1995). He further found the evidence insufficient to rebut the presumption pursuant to any of the methods provided at 20 C.F.R. Sec. 727.203(b) (1995), and accordingly, awarded benefits. Respondent, Imperial Colliery Company (Imperial), then appealed to the Board, which vacated the ALJ's finding of invocation under subsection (a)(1) and affirmed the ALJ's finding that LeMaster failed to invoke the presumption under subsections (a)(2-4). The Board, however, found it unnecessary to remand for reconsideration of subsection (a)(1) because it determined that the evidence of record established rebuttal of the interim presumption as a matter of law under Sec. 727.203(b)(3). The Board therefore reversed the ALJ's award. The Board found that Imperial's establishment of subsection (b)(3) rebuttal rendered moot Imperial's challenges to the ALJ's findings regarding the availability of rebuttal under Sec. 727.203(b)(4) and the onset date of LeMaster's total disability. Although the Board's findings also rendered moot the question whether LeMaster's benefits should be paid by Imperial or the Black Lung Disability Trust Fund, the Board noted that, in a decision prior to Imperial's appeal on the merits, it had already found Imperial liable for any potential benefits.*
 
 
 3
 In this appeal, LeMaster contends that the Board erred by vacating the ALJ's finding of invocation under subsection (a)(1) and by reversing his finding of no rebuttal pursuant to subsection (b)(3). The Director, Office of Workers' Compensation Programs (Director), responds, asserting that the Board properly vacated the ALJ's subsection (a)(1) finding, but erred: (1) in failing to remand that issue for further consideration by the ALJ and (2) in finding subsection (b)(3) rebuttal established as a matter of law. In the Director's view, recent decisions of this court necessitate that the ALJ revisit subsection (b)(3) under the standards currently applicable to that subsection. In the event that invocation is established on remand, the Director believes that Imperial's attempts to rebut the presumption should be restricted to subsection (b)(3).
 
 
 4
 Imperial, on the other hand, argues that the ALJ's finding of invocation under subsection (a)(1) should be reversed, and that, in any event, benefits must be denied because the Board properly found subsection (b)(3) rebuttal established as a matter of law. Alternatively, Imperial contends that if this claim is remanded for further consideration, and subsection (b)(3) rebuttal is not found, it should have the opportunity to establish rebuttal by proving the absence of pneumoconiosis pursuant to subsection (b)(4). Finally, Imperial and the Director disagree over who is responsible for payment of benefits should LeMaster ultimately receive an award. Imperial argues that the Black Lung Disability Trust Fund is liable pursuant to the transfer provisions while the Director contends that those provisions are inapplicable under the circumstances of this case.
 
 II.
 
 5
 Initially, we find that the Board correctly determined that the Supreme Court's decision in Director, OWCP v. Greenwich Collieries, --- U.S. ----, 114 S.Ct. 2251 (1994), mandates that the ALJ's invocation finding be vacated. In that case, the Court held that the true doubt rule, under which the claimant prevails when the evidence is evenly balanced, violates the Administrative Procedure Act's directive that the claimant bear both the burden of production and persuasion. Id. at 2259. There is no merit to LeMaster's position that Greenwich does not apply retroactively. Retroactive application of federal judicial decisions is the rule, not the exception, and LeMaster cites no special factors that justify deviation from this rule here. See Simpson v. Director, OWCP, 681 F.2d 81, 84-85 (1st Cir.1982), cert. denied sub nom Bath Iron Works Corp. v. Director, OWCP, 459 U.S. 1127 (1983). We also note that the Supreme Court did not discuss any exception to the general presumption of retroactivity in its decision in Greenwich.
 
 
 6
 The Supreme Court's decision in Greenwich, however, does not support Imperial's view that an ALJ's erroneous finding of invocation under the true doubt rule requires outright reversal. Imperial argues that because a finding of true doubt rests upon a determination that the evidence is in equipoise, the ALJ has effectively already determined in such a case that the evidence is insufficient to carry the claimant's burden under a preponderance standard. In the decision affirmed by the Supreme Court in Greenwich, however, the Third Circuit found remand appropriate because it was unclear
 
 
 7
 whether the ALJ ever considered whether the claimant's evidence satisfied the preponderance standard. It appears that upon reaching what she believed to be the point of equipoise, and believing the true doubt rule to be applicable, the ALJ may have halted her inquiry short of deciding whether [the claimant's] evidence preponderated.
 
 
 8
 Greenwich Collieries v. Director, OWCP, 990 F.2d 730, 737 (3rd Cir.1993), aff'd, 114 S.Ct. 2251 (1994).
 
 
 9
 Review of the ALJ's opinion here reflects that he too may have stopped short of determining whether the claimant's evidence would have met a preponderance standard. The ALJ found that "the X-ray evidence in particular is in hopeless conflict," and concluded that the many "conflicting interpretations by equally qualified experts create true doubt in my mind." The ALJ's opinion does not reveal whether he thought the evidence to be equally probative, or, for his purposes, at least equally probative. Because we cannot ascertain this crucial information from the ALJ's decision, we must vacate the Board's decision and remand to the Board for further remand to the ALJ for reconsideration of subsection (a)(1), in light of Greenwich. If on remand the ALJ concludes that the evidence is in equipoise, benefits must be denied. Id.
 
 III.
 
 10
 We agree with the Board that the ALJ applied the wrong standard in his subsection (b)(3) analysis, but we disagree that the evidence established subsection (b)(3) rebuttal as a matter of law. To establish subsection (b)(3) rebuttal, the respondent must "rule out the causal relationship between the miner's total disability and his coal mine employment." See Grigg v. Director, OWCP, 28 F.3d 416, 418 (4th Cir.1994) (citing Bethlehem Mines Corp. v. Massey, 736 F.2d 120, 123 (4th Cir.1984)). The ALJ, however, required Imperial to meet not only this burden, but to further disprove any connection between the miner's presumed pneumoconiosis and coal mine employment in order to establish subsection (b)(3) rebuttal. He then found that Imperial met the first burden, but not the second.
 
 
 11
 Imperial is correct that the ALJ and the Board both found that the evidence proved the absence of any connection between total disability and coal mine employment, and that had the ALJ applied the correct legal standard, he presumably would have found rebuttal under subsection (b)(3). The ALJ, however, did not have the benefit of several recent decisions of this Court to inform his rebuttal analysis. In Grigg, we held that where the ALJ finds invocation under subsection (a)(1), medical reports tending to establish subsection (b)(3) rebuttal but which assume the absence of pneumoconiosis, cogntrary to the ALJ's finding that the disease is present, are not "worthy of much, if any, weight." Id. at 419. Recently, we explained that the probative value of such reports is only undermined if the physician actually premises his opinion on an "erroneous finding" which contradicts a finding of the ALJ. See Dehue Coal Co. v. Ballard, 65 F.3d 1189, 1193-95 (4th Cir.1995).
 
 
 12
 In this case, each of the physicians relied upon by the ALJ found the absence of pneumoconiosis. Although Imperial argues that Grigg is inapplicable to this case because the ALJ improperly found subsection (a)(1) invocation, we have explained that the ALJ may still properly find invocation in this case. Neither the parties nor the Board have had the opportunity to consider the effect of the physicians' findings of no pneumoconiosis, and because this is an intensely factual issue, we must remand in order to permit the ALJ to resolve it. On remand therefore the ALJ must further consider subsection (b)(3) rebuttal in accordance with this opinion.
 
 
 13
 On remand, the ALJ should also be mindful of our recent decision in Barber v. Director, OWCP, 43 F.3d 899 (4th Cir.1995). That case instructed that where a party attempts to establish rebuttal through proof that pneumoconiosis did not contribute to the miner's disability, proof that the miner does not have clinical or coalworker's pneumoconiosis is, alone, insufficient. Instead, the party must show that the broader, legal form of pneumoconiosis, as defined by the regulations, did not contribute to the miner's total disability. Id. at 901. In this case, it is unclear whether Imperial's physicians have ruled out legal, as well as clinical, pneumoconiosis as a source of the miner's presumed total disability. We again leave this factual determination to the ALJ.
 
 IV.
 
 14
 The last issue on appeal relating to LeMaster's entitlement to benefits concerns the availability of rebuttal pursuant to 20 C.F.R. Sec. 727.203(b)(4) (1995). Under that subsection, the party opposing entitlement may rebut the interim presumption by proving that the miner does not have pneumoconiosis. The Supreme Court has agreed with the Secretary of Labor's position that "after a Subsection (a)(1) invocation, the question of pneumoconiosis is effectively closed." Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 150-51 n. 26 (1987). Both the Director and Imperial, however, argue that subsection (b)(4) rebuttal theoretically remains available to a party who can show the absence of pneumoconiosis through evidence of a type different from the evidence considered under subsection (a)(1), such as CT Scan evidence, or where a party can establish that the miner's pneumoconiosis resulted from dust exposure other than coal mine employment.
 
 
 15
 We recently discussed but declined to resolve this issue in Curry v. Beatrice Pocahontas Coal Co., 67 F.3d 517 (4th Cir.1995). In that case, we found that the "issue should be reserved for another day and a case with less of procedural awkwardness to becloud its resolution." Id. at 523. Unfortunately, the posture of this appeal offers no improvement upon the circumstances present in Curry. As in Curry, the hypothetical circumstances that might arguably justify consideration of subsection (b)(4) rebuttal following subsection (a)(1) invocation are not present here. Imperial offers no CT scan evidence or evidence that any etiology other than coal mine employment might be responsible for any respiratory disease the miner might have contracted. Instead, Imperial offers only negative X-ray evidence, and medical reports which are heavily dependent upon those X-rays. In Curry, we found similar evidence insufficient to establish subsection (b)(4) rebuttal if invocation is accomplished under subsection (a)(1). Id. at 523-24. Accordingly, if the ALJ finds invocation on remand, his rebuttal analysis should be limited to subsection (b)(3).
 
 V.
 
 16
 Finally, we decline to consider at this juncture who should be liable for the payment of LeMaster's potential benefits. First, it is not clear that Imperial has properly preserved this issue because it failed to file a cross-appeal from the Board's decision. Moreover, we think it imprudent and premature to resolve the numerous and sophisticated arguments raised by the Director and Imperial related to this issue in a case where such resolution might be moot, as it will be if LeMaster is ultimately denied benefits.
 
 
 17
 The decision of the Board is therefore vacated and the case is remanded for further remand to an ALJ for reconsideration consistent with this opinion.
 
 VACATED AND REMANDED WITH INSTRUCTIONS
 
 
 *
 Prior to any hearing on LeMaster's claim, an ALJ dismissed Imperial from the case, and transferred liability to the Black Lung Disability Trust Fund pursuant to the "transfer" provisions at 30 U.S.C. Sec. 932(c) (1988). The Director appealed to the Board, which found the transfer provisions inapplicable, and remanded for a hearing on the merits of LeMaster's claim